Moses v. The Clerk of Dallas District Court.

---

Moses v. The Clerk of Dallas District Court.

12 139
103 408

1. STAY OF EXECUTION. A subsequent purchaser of mortgaged property who has assumed as between himself and the mortgagor the payment of the mortgage debt, and who is also a co-defendant with the mortgagor in the proceedings to foreclosure of the mortgage, may under ? 2293 of the Revision of 1860, without the consent of the mortgagor, stay the execution of the decree of foreclosure.

*Appeal from Guthrie District Court.*

SATURDAY JUNE, 22.

THE material facts are fully stated in the opinion of the court.

*C. C. Nourse* for the appellant.

*James M. Ellwood* for the appellee.

WRIGHT, J.—Appellant assigns several errors in this case, but our examination will be confined to one, that which goes to the merits of the controversy.

Ruth Morrison made a mortgage to secure the plaintiff, Moses, in about the sum of eight hundred dollars. She afterwards sold the mortgaged premises to one Smith, who bought with a knowledge of the incumbrance, and obligated himself to pay the same. The money being due, Moses filed his petition for a foreclosure, making Morrison, the mortgagor, and Smith her vendee, parties. Upon the first

hearing plaintiff obtained a decree against the mortgagor for the balance found due on the mortgage, foreclosing the equity of both respondents in the premises and ordering their sale. A special execution issued on this decree, and within ten days from the expiration of the term at which the decree was rendered, Smith, furnishing sufficient and approved sureties, entered into a recognizance for the stay of execution. The clerk thereupon notified the sheriff of the stay, who returned his writ accordingly, with a return of his doings thereon. Moses then applied to the District Court for a writ of *mandamus*, commanding the clerk to issue an execution, notwithstanding such recognizance; averring in his petition that he had applied to the clerk therefor, had tendered the fees, and had been refused. Several motions and demurrers were interposed by the clerk, which being overruled, he answered, and on the first hearing the peremptory writ of *mandamus* was ordered to issue, from which the clerk appeals.

We determine but one question, and that is, had Smith the right to enter into recognizance for the stay of this execution? And we are clear that he had. True the decree was in money against his co-respondent, Morrison, but in view of the equities of the case as between them, he had become the principal debtor. As between themselves, Morrison was but the surety of Smith for the payment of this debt; he, Smith, having purchased the mortgaged premises with a knowledge of the lien, at the time agreeing to pay the debt. *Corbett* v. *Waterman*, 11 Iowa 86; *Murray* v. *Catlett*, 4 G. Greene, 108.

When the statute (Rev. 1860, § 3293,) says that if a judgment is rendered against any one for the recoverd of money, *he may*, by procuring sufficient sureties, enter stay, &c., it does not mean alone the person against whom the judgment is in form and terms rendered; but the privilege extends also to any one, who being a party to the proceeding, has such an interest as that in equity as between him

and the judgment debtor, he may be compelled to pay the debt. And it can make no difference that his co-respondent in the decree does not desire a stay. If he opposes it, then his position is so far antagonistic to that of his co-respondent, that the reason for giving the stay, would, upon equitable grounds, be increased.

Reversed.