JOHNSON v. COLLINS.

1. MONEY RECEIVED. Where F. paid the money of J. to C., and C. promised
   to pay the same to J., but neglected and refused so to do, it was held that
   J. could maintain an action against C. for its recovery.

*Appeal from  Cedar District Court.*

THURSDAY, OCTOBER 16.

THE petition avers that plaintiff had money in the hands of one Freyberger, in the State of Ohio, to the amount of one hundred and forty dollars; that Freyberger brought it to Iowa to pay it to plaintiff; that not seeing plaintiff, he handed it to defendant in a package sealed up, directed to plaintiff; that defendant promised and agreed with said Freyberger to deliver it to plaintiff; that he failed and refused to do so; that it has been demanded, but that defendant has converted it to his own use, &c.   A demurrer was interposed, upon the ground that there was no privity of contract between plaintiff and defendant, and that there was no consideration for the promise of defendant.   This demurrer was sustained, and plaintiff appeals.

*Cook & Drury* for the appellants, cited the following authorities: *National Bank* v. *Eliot Bank*, 5 Am. Law Reg., 711; *Arnold* v. *Lyman*, 17 Mass., 400; *Hale* v. *Marston*, Id., 575; *Felton* v. *Dickinson*, 10 Mass., 287; *Carnegie et al.* v. *Morrison et al.*, 2 Met., 381; *Cabot* v. *Haskins*, 3 Pick., 91; *Ellwood* v. *Monk*, 5 Wend., 235; *Schermerhorn* v. *Vanderheyden*, 1 John., 138; *Weston* v. *Baker*, 12 John., 276; *Devall* v. *Trask*, 12 Mass., 153; *Watson* v. *Cambridge*, 15 Mass., 289; *Lawrason* v. *Mason*, 3 Cranch, 492; *Mason* v. *Waite*, 17 Mass., 563; *Eagle Bank* v. *Smith*, 5 Conn., 71; *Dickson* v. *Cunningham*, Mart. & Yerg., 221.

*Richman & Brother* for the appellee, reviewed the authorities cited by the counsel for the appellant, and cited *Williams* v. *Everett*, 3 Price, 58.

WRIGHT, J.— It seems to us that the authorities, and especially the later ones, are all one way on this question. And these authorities are unquestionably founded upon the

soundest reasoning, and well settled principles of justice and good conscience, when they recognize the right to main-tain this action. The fact being established that A. has paid the money of B. to C. which C. promises A. to pay to the rightful owner, the law creates the privity between B. and C., and B. may have his action direct against C. That he might sue A. and treat him as his debtor, is no argument to defeat the action against C., for it is no uncommon thing that a party may have his election of remedies and debtors. In the case supposed, the law operates upon the act of the parties, creates the duty, establishes the privity, and implies the promise and obligation, upon which the action is founded. (*Hall* v. *Marston*, 17 Mass., 575.) And as to the consideration, it is not necessary that it should move directly from the plaintiff, to support an assumpsit. If the consid-eration moves from a third person, a stranger, even, and is adopted by the plaintiff, it is sufficient. The stranger, though not before the agent of plaintiff, becomes so after such adoption, so far as to make valid the consideration. Thus, in *Lilly* v. *Hays*, 5 Ad. & El., 548, money was sent by Wood to the defendant, to be paid to plaintiff, and the defendant admitted that he had so received it, but he had no communication with the plaintiff. Mr. Justice PATTER-SON said : "there is a consideration moving here, through the instrumentality of Wood, the original debtor, to the defendant, as agent for the plaintiff." And Lord DENMAN thought that defendant had made himself the plaintiff's broker, to the amount received.

But without enlarging, we refer to *Carnegie* v. *Morrison*, 2 Met., 381; *Hall* v. *Marston*, 17 Mass., 575; *Arnold* v. *Ly-man*, Id., 400; *Lawrason* v. *Mason*, 3 Cranch, 492; 1 Pars. Cont., 390; *Brewer* v. *Dyer*, 7 Cush., 337; *Dolph* v. *White*, 2 Kernan, 296.

Reversed.