THOMPSON v. BERTRAM *et al.*

1. FORECLOSURE: RIGHT OF GRANTEES. When mortgaged property has been conveyed to grantees who assume the liability of the mortgagor, in the foreclosure of the mortgage the mortgagee may make such grantee a party defendant, and recover a personal judgment against him. (*Corbett v. Waterman*, 11 Iowa, 87; *Moses v. The Clerk of Dallas District Court*, 12 Id., 140.)

*Appeal from Lee District Court.*

TUESDAY, APRIL 7.

IN January, 1857, Edward Kilbourne sold certain real estate situated in the city of Keokuk, to one Bertram, who gave his negotiable note to the grantor for the purchase money, and executed a mortgage on the premises to secure the same. Bertram sold the property to Rhodes, and Rhodes afterwards sold and conveyed to Thomas and Young, the appellants. In the deed which was executed by Rhodes to Thomas and Young the mortgage and notes of Bertram to Kilbourne were referred to as follows:

"The certain mortgage on said premises made by J. H. M. Bertram to Edward Kilbourne, now on file in the Recorder's office in Keokuk, dated 3d January, 1857, to secure the sum of $4,800 purchase money in three promissory notes of said Bertram to said Kilbourne, all dated 3d January, 1857, one for seventeen hundred and thirty-four dollars, due in one year; one for fifteen hundred and ninety-nine and $\frac{67}{100}$ dollars, due in two years; and the other for fourteen hundred and sixty-six and $\frac{23}{100}$ dollars, due in three years after date, and all of which bear ten per cent interest only after due, which said three notes the said grantees hereby assume and agree to pay as a part of the purchase money herein."

Immediately following the signature of Rhodes, and before the acknowledgment, is the following:

"N. B. Be it known, we, Charles R. Thomas and William T. Young, grantees, in part consideration of the foregoing deed, do hereby assume and promise to pay the three notes of said Bertram to said Kilbourne therein described.

CHARLES R. THOMAS.<br>WILLIAM T. YOUNG.

Keokuk, March 13, 1857."

Kilbourne assigned the notes to Thompson, the plaintiff. A demurrer to the complainant's petition was overruled, a decree of foreclosure entered as to all the respondents, and a personal judgment against Thomas and Young, who appeal.

*H. Scott Howell* for the appellants.

I. The appellants are liable only upon an obligation technically termed a deed *inter partes,* and upon such an instrument no one but a party can maintain an action.

In a few exceptional cases third parties may sue in such contracts in chancery. *Hugunin et al.* v. *Starkweather,* 5 Gilm., 495; 1 Chit. Pl., 2; Chit. Contr., 57; 6 Ves., 604; 11 Com. Law, 251; *Green* v. *Horner,* 71 Eng. Com. L., 938; *Hasket* v. *Flint,* 5 Blackf., 69; 3 Robinson Pr., chap. 3; *Blymire* v. *Boistle,* 6 Watts, 183; *Ross* v. *Milne,* 12 Leigh., 204.

II. If it is not deemed an instrument *inter partes* but as a written contract, there is no assignment to this complainant; and without such an assignment he cannot recover. *Wood* v. *Partridge,* 11 Mass., 480; *Dennis* v. *Tinchett,* 10 Met., 180; *Brewer* v. *Dyer,* 7 Cush., 337; *John Price* v. *Easton,* 24 Com. L. R., 97.

III. The contract of appellants did not inure to the complainant or holder of said notes by operation of law. *Crow* v. *Rogers,* 1 Strange, 192; 1 Selw. Nisi Prius, 39; *Barford's Admr.* v. *Stuckey,* 6 Com. Law, 139; *Buirne* v. *Mason,* 1 Ventr., 6; *Ward* v. *Evans,* 1 Ld. Raym., 928; *Stevens* v.

*Babcock*, 23 Eng. Com., 93; *Martin* v. *Hind*, 2 Comp., 437; *Wedlake* v. *Hurley*, 1 Comp. & Jer., 83; *Heugunin* v. *Starkweather*, *supra;* *Haskett* v. *Flint*, *supra;* *Vickey* v. *Walker*, Smith (Ind.), 78; *Sailly* v. *Cleveland et al.*, 10 Wend., 160; *Ross* v. *Milne*, *supra;* *Millen* v. *Whipple*, 1 Gray, 317.

IV. *Corbett* v. *Waterman*, 11 Iowa, 87; is not supported by the authorities. *Ford* v. *Eland*, 1 Ld. Raym., 261; *Marshand* v. *Vernon*, 1 Bos. & Pul., 101; *Mills* v. *Wyman*, 3 Pick., 207; *Smith* v. *Ware*, 13 John., 259; *Westen* v. *Barker*, 12 Id.; *Millen* v. *Whipple*, 1 Gray, 317.

*R. H. Gilmore*, for the appellee, relied upon *Corbett* v. *Waterman*, 11 Iowa, 87; *Moses* v. *The Clerk of Dallas District Court*, 12 Id., 140: reviewing the authorities cited by the counsel for the appellant, and cited 1 Pars. Contr., 390; 22 Am. Jur., 16, 20; *Hind* v. *Holdship*, 2 Watts, 104; *Arnold* v. *Lyman*, 17 Mass., 400; *Bridge* v. *The Niagara Insurance Company*, 1 Hall, 247; *Jackson* v. *Mayo*, 11 Mass., 152; *Hinkley* v. *Fowler*, 15 Maine, 285; *Hall* v. *Marston*, 17 Mass., 575; *Felton* v. *Dickenson*, 10 Id., 287; *Carnagie* v. *Morrison*, Id.; *Curtes et al.* v. *Tyler and Allen*, 9 Paige Ch., 432; *Halsey* v. *Reed et al.*, Id., 446; *Blyer* v. *Monholland et al.*, 2 Sand., 478.

LOWE, J.— The foreclosure of a mortgage in which the mortgagor and his vendees are made parties defendants, the latter having assumed in their deed of purchase to pay the debt of the mortgagor, a personal judgment was rendered against them as well as a special decree of foreclosure against the property. The vendees appeal, insisting that it was not competent for the Court to render such a judgment against them. This precise question, after full argument and careful consideration, we decided against the defendants in the case of *Corbett* v. *Waterman*, 11 Iowa, 87; affirming the same principle a second time in the case of

. *Moses* v. *The Clerk of Dallas District Court,* 12 Iowa, 140.
Able as the argument is by the counsel for appellants, we
see no sufficient reason for changing our mind, or re-dis-
cussing the question. It may be well to observe, however,
that we notice in the March number, 1863, of the Ameri-
can Law Register, the following abstract of a decision just
made by the Court of Appeals in the State of New York:

"A mortgagee may maintain a personal action against a
grantee of the mortgaged premises who has assumed to
pay the incumbrance. He may pursue this remedy without
foreclosing the mortgage, and without joining the mort-
gagor as defendant." *Burr* v. *Beers,* 24 N. Y., 178. This is
only a confirmation of a rule which we think too well set-
tled to be disturbed at present.

Affirmed.