## SCOTT'S ADMINISTRATORS V. GILL et al.

1. **Contract:** PROMISE FOR BENEFIT OF THIRD PARTY. If one party make a promise to another, for the benefit of a third, such third person may maintain an action on the promise.

2. —— Where the obligee in a bond for the conveyance of real estate assigned the bond, and it was agreed in the contract of assignment that the assignees should assume and pay the indebtedness of the assignor to the obligor, *held*, that the obligor could maintain an action against the assignees on the promise. (*Thompson* v. *Bertram et al.*, 14 Iowa, 476; *Corbett* v. *Waterman*, 11 Id., 87; *Moses* v. *The Clerk of Dallas District Court*, 12 Id., 140.)

*Appeal from Polk District Court.*

WEDNESDAY, JUNE 28.

WILSON A. SCOTT, before his decease, and on the 1st day of September, 1856, sold lots 10 and 11 in block 14, in the town of Des Moines, to A. J. Gill and M. C. Howe, for $1,000, payable in four, eight and twelve months, in equal installments, for which notes drawing ten per cent interest were given, and a title bond executed and delivered by said Scott to the said purchasers.

Without making any payments on said notes, Gill & Howe sold the lots, and assigned the title bond aforesaid to H. C. Potter and A. W. Barlow; who at the time agreed and assumed to pay to Scott the purchase-money aforesaid. Afterwards the said Potter & Barlow sold the east one-third ($\frac{1}{3}$) of said lots to one W. H. Francis; and with the proceeds of that sale, took up the first of the three notes which Scott held for the purchase-money; and at their request Scott conveyed to the said Francis, that portion of said lots which he had purchased. Scott having died, the remaining notes fell into the hands of his heirs and legal representatives, who have instituted these equitable proceedings against the said Gill & Howe. Potter & Barlow, offering to convey to them the remaining two-thirds of said lots on payment of

the balance of the purchase-money. And in default of said payment, to have judgment for the amount of said notes and interest, and a foreclosure of the title bond, &c., as against Gill & Howe, and that the amount due them from Potter & Barlow be attached, and subjected to the payment of said note, and to have all such other relief in the premises as equity may grant, &c.

Gill & Howe answer, and substantially admit the allegations of the petition. Potter demurs, to the effect that he does not stand in such relation to the intestate, heirs or representatives, as that he is bound or liable to pay the notes given by Gill & Howe to Scott.

This was adjudged a sufficient cause for sustaining the demurrer, to which the plaintiffs excepted, and a judgment was rendered against Gill & Howe, for the amounts of the notes, and a foreclosure of the title bond on the premises described, &c.

*M. D. & W. H. McHenry* for the appellant.

*Polk & Hubbell* for the appellee.

LOWE, J. — The point for our determination is, whether the petition states facts which would entitle the plaintiff

1. CONTRACT: promises for benefit of a third person.

to a personal judgment, as well as a judgment of foreclosure on lots mentioned therein, against Potter and Barlow.

When they purchased the lots of Gill & Howe, they undertook and agreed to pay the purchase-money due from said Gill & Howe to Scott. This agreement, admitted by the demurrer, fixes upon them a direct liability in favor of Scott. And this, as the cases show, upon the broad principle, that if one person make a promise to another for the benefit of a third person, that the third person may maintain an action on the promise. This case is not different in principle, although it is some-

what in its facts, from that of *Thompson* v. *Bertram et al.*, 14 Iowa, 76; *Corbett* v. *Waterman*, 11 Iowa, 87; *Moses* v. *The Clerk of Dallas District Court*, 12 Iowa, 140, also *Burr* v. *Beers*, 24 N. Y., 178, and the cases there cited.

If the doctrine laid down in these cases is sound, as we still believe that it is, the demurrer should have been overruled, and a judgment rendered also against Potter and Barlow, unless some other valid defense is interposed.

It is true the plaintiffs in their petition seek to make effectual the liability of Potter & Barlow through the auxillary process of a garnishment. Whether this could be done in connection with or in aid of their bill, is quite immaterial for us to determine, as this part of the petition may be treated as surplusage, and still the prayer of the petition is sufficiently broad under the facts stated in the bill, to entitle the plaintiffs to the relief they ask, if they should be satisfactorily established by plaintiffs. The order sustaining the demurrer will be reversed, and the cause remanded, with leave to the defendant to answer, &c.

Reversed.