## Foster v. Marsh.

Statute of limitations: PRINCIPAL AND SURETY. Where a grantee of certain real estate assumes as a part of the consideration the payment of a certain judgment standing against the grantor, without any definite time for payment being fixed, and the grantor afterward pays off the judgment himself upon the failure of the grantee so to do, the statute of limitations will begin to run against an action accruing to the grantor therefor, only from the date of such payment by him, and not from the date of the undertaking by the grantee. In such case the parties sustain, in equity, the relation of principal and surety, the grantee being the principal debtor.

*Appeal from Henry District Court.*

THURSDAY, July 23.

STATUTE OF LIMITATIONS: PRINCIPAL AND SURETY, ETC.—
It is not necessary to state the voluminous pleadings in

order to make intelligible the questions decided by the court. In 1858 plaintiff was the owner of a farm in Henry county, the title to which was in one Bowers, subject to certain judgments against the plaintiff existing at the time of the conveyance thereof by the plaintiff to Bowers, who was his father-in-law. The conveyance by plaintiff to Bowers was voluntary, and was made January 4, 1858. Defendant was plaintiff's attorney, and knew of the circumstances under which Bowers held the title. Subsequently to the conveyance to Bowers, to wit, on the 16th day of August, 1858, Gerard, Reynolds & Co. obtained a judgment in the Henry District Court against the plaintiff for $296.75 and costs. In April, 1859, the plaintiff agreed to sell the farm (the title to which was in Bowers), including certain personal property thereon, to the defendant Marsh, for which he paid a certain sum in money, some Missouri lands, and agreed to pay off certain judgments against the plaintiff. The plaintiff claims that among other judgments which the defendant promised, in consideration of the purchase of the farm, to pay off, was the aforementioned judgment of Gerard, Reynolds & Company.

This the defendant denies. Whether the Gerard, Reynolds & Co. judgment was included among those which the defendant promised to pay off, was the controverted question of fact in the case. The plaintiff caused Bowers to make defendant a deed for the land, soon after the contract was made, in April, 1859.

In 1865, the judgment of Gerard, Reynolds & Co., not having been paid by the defendant, the plaintiff purchased the same, and on the 25th day of June, 1866, brought the present action against the defendant to recover the amount thereof from him.

The petition details with great prolixity the history of the transaction with Marsh, but the substance of the cause

of action is to recover the amount of this judgment, which it is alleged defendant failed to pay as he agreed to do, and which the plaintiff purchased or paid as aforesaid.

The defense is in substance : First, in denial; second, the statute of limitations, — more than five years having elapsed after the making, by the defendant, of the alleged promise and before the commencement of this action.

The plaintiff amended his petition, averring fraud (Rev. § 2741), to take the case out of the statute; but the court below decided the law as to the statute of limitations in plaintiff's favor without regard to the alleged fraud.

The jury returned a verdict for the plaintiff for the amount of the Gerard, Reynolds & Co. judgment, with interest, and upon this verdict the plaintiff had judgment. The defendant appeals.

The other necessary facts are stated in the opinion.

*T. W. & John S. Woolson* for the appellant.

*H. & R. Ambler* for the appellee.

DILLON, Ch. J. — Appellant's motion for a more specific statement was immaterial as regards the controverted STATUTE OF questions in the case, and its denial wrought LIMITATIONS : principal and no substantial prejudice. The same remark surety. applies to the overruling of appellant's demurrer to the amended petition. The verdict of the jury settles the question that the defendant, as part consideration for the farm and property purchased of the plaintiff, did agree to pay off the Gerard, Reynolds & Co. judgment. The evidence on this subject was conflicting, and the verdict finds so much support therein as to preclude this court from interfering, on the ground that the court

ought to have set it aside because it was against the testimony. The main question made on the appeal relates to the instructions of the court on the subject of the statute of limitations.

The court charged the jury thus:

" The principal question for the jury in this case is, whether the Gerard, Reynolds & Co. judgment formed a part of the consideration given by the defendant, Marsh, to the plaintiff, for his farm and stock in April, 1859.

" If this judgment was included, or, in other words, if defendant did agree to pay this judgment (with others) as a part of what he was to pay for his purchase, and failed to do it, and if plaintiff has paid off said judgment at any time within five years next preceding the commencement of this suit, he will be entitled to recover the amount of the judgment and interest on the same from its date to the present.

" If, on the other hand, the said judgment did not enter into and form part of the consideration of the purchase by defendant of plaintiff, the verdict of the jury will be for defendant.

" On the question of the statute of limitations, as applicable to this case, it is the opinion of the court that plaintiff's right of action accrued, if it accrued at all, at the time the plaintiff paid off or extinguished the Gerard, Reynolds & Co. judgment."

To these instructions the defendant excepted. The court refused instructions asked by the defendant embodying a different doctrine, to which action he also excepted.

Under the circumstance of this case it is our opinion that the court below took the correct view of the statute of limitations.

The contract between the plaintiff and defendant was verbal. When defendant was to pay off, or save the plaintiff harmless from the judgment in question, was

not definitely fixed. We have examined the testimony in the case with care, and we do not find that it establishes such a contract between the parties as would have enabled the plaintiff, without payment by him of the Gerard, Reynolds & Co. judgment, to have sued the defendant and recovered substantial damages.

If this is so, then his cause of action did not accrue until actual payment by him of this judgment, and he would have five years from such payment in which to bring his action therefor against the defendant.

That this action was brought within five years from the time the plaintiff paid the money on this judgment to the owners thereof, is not disputed.

When the defendant received the title to the land, and as part of the purchase-money, agreed to pay off the judgment, the plaintiff and defendant in equity, as between themselves, sustained the relation of principal and surety, the defendant being the principal debtor. See *Moses* v. *The Clerk, etc.*, 12 Iowa, 139 ; *Thompson* v. *Bertram*, 12 id. 476 ; *Massie* v. *Mann*, 17 id. 131 ; *Corbett* v. *Waterman*, 11 id. 87 ; *Scott* v. *Gill*, 19 id. 187 ; *Burr* v. *Burr*, 24 N. Y. 178.

The appellant argues, that no case can be found where even a surety can pay money on a debt barred by the statute against the principal, and hold the latter for it. But the debt which the plaintiff paid off was a judgment and not barred.

This debt being a judgment against the plaintiff, if defendant did not pay it at the time fixed, if any was fixed, or if none was agreed on, then within a reasonable time, the plaintiff might pay it and then bring his action for the amount against the defendant. In such a case it would not be necessary to prove a prior request from the defendant to the plaintiff to pay off the judgment.

It may be true, as the appellant argues, that if the

plaintiff paid off the judgment for less than the amount due, he could only recover the sum actually paid, with interest. But there was no evidence that the defendant paid it off for less than was due, and the presumption of law is the other way.

The foregoing disposes of all questions which we deem it necessary to notice. We add only that we have examined the whole record carefully, and discover no error which requires us to reverse the judgment appealed from, and consequently the same is

Affirmed.