## ROSS v. KENNISON AND TAGGART.

1. **Foreclosure of Mortgage**: LIABILITY ON A PROMISE TO PAY THE NOTE. The holder of a note secured by mortgage may recover a personal judgment against the grantee of the mortgage upon his promise to pay the note as a part of the consideration for the purchase of the property. Following *Thompson v. Bertram*, 14 Iowa, 476.

2. ———: PLEADING: PETITION. In such a case the promise is the foundation of the claim, and it is not essential, where the mortgagor has not conveyed the land, that the petition allege his readiness and ability to convey.

*Appeal from Blackhawk Circuit Court.*

WEDNESDAY, JUNE 10.

FORECLOSURE of a mortgage executed by Kennison, defendant, to Riebhoof to secure two promissory notes. The petition alleges the assignment of one of the notes to plaintiff, and that Taggart, with notice of the mortgage, purchased the incumbered premises of Kennison, and as a part of the consideration therefor, agreed and verbally promised Kennison to pay the note in suit. It is also averred that Kennison has not yet conveyed the land, but has received a part of the consideration therefor, and Taggart has entered into possession thereof. A demurrer by Taggart, upon the ground that the petition does not contain a sufficient statement of a cause of action against him, in favor of plaintiff was sustained. Plaintiff appeals.

*H. C. Hemingway*, for appellant.

*A. T. Brown*, for appellee.

BECK, J.—I. The question presented for our decision is this: Does the petition set out sufficient ground for the recovery of a personal judgment against Taggart, at the suit of plaintiff?

It has been ruled by this court that the holder of a note secured by mortgage, may recover a personal judgment against the grantee of the mortgagor upon his promise or covenant to pay the note as a part of the consideration of the purchase of the land. *Thompson v. Bertram*, 14 Iowa, 476; *Scott, Adm'r, v. Gill*, 19 Iowa, 187; *Moses v. Clerk, etc.*, 12 Iowa, 140; *Corbett v. Waterman*, 11 Iowa, 87. This rule is based upon the principle that when one makes a promise to another for the benefit of a third person, that third person may recover upon the promise, whether it be verbal or in writing. *Scott, Adm'r, v. Gill, supra*; *Johnson v. Collins*, 14 Iowa, 63.

> 1. FORECLOSURE of mortgage: liability in a promise to pay note

II. The petition alleges that Taggart's promise was to pay the note in question, and that it has been transferred to plaintiff. The assignee of the note may maintain an action upon

the promise. *Thompson v. Bertram, supra.* The petition shows a cause of action against Taggart, at the suit of plaintiff.

II. It is urged by appellee that the petition should have alleged the ability and readiness of the original mortgagor to convey the land, and because it does not, it is defective. The promise of Taggart is the foundation of plaintiff's claim. Want of ability of the mortgagor to convey, would be a matter of defense to the action against Taggart, and should have been pleaded by him. Plaintiff was not required to deny in his petition this or any other defense that may be held by Taggart. . The objection is not well taken.

2. PLEADING: petition.

It is our opinion that Taggart's demurrer was improperly sustained.

REVERSED.