## LAMB v. TUCKER.

1. **Statute of Frauds:** PROMISE TO PAY THE DEBT OF ANOTHER. Where the promise to pay the debt of another arises from a new consideration moving between the newly contracting parties, it is not within the statute of frauds.

2. ———: ———: SALE OF MORTGAGED PREMISES. Where the purchaser of mortgaged property agrees, as a part of the consideration, to pay the mortgage debt, the mortgagee may maintain an action upon the agreement, though it be not in writing.

*Appeal from Black Hawk Circuit Court.*

TUESDAY, DECEMBER 14.

THE facts as agreed in this case are that on February 11, 1875, the plaintiff filed his petition in two counts, the first being upon a promissory note in the usual form. The second avers, "That on the 24 day of December, 1869, one David L. Lamb made to the plaintiff his promissory note in writing, whereby he promised, three years after date, to pay to the order of Levi Lamb the sum of five hundred dollars, with interest thereon at the rate of ten per cent per annum, until paid, payable annually, which said note is in the words and figures following, to-wit:

$500.                    WATERLOO, IOWA, Dec. 24, 1869.

Three years after date, I promise to pay to the order of Levi Lamb, at Waterloo, five hundred dollars, value received, with interest at ten per cent per annum until paid. Interest payable annually.                    DAVID L. LAMB.

Which said note is still the property of plaintiff, and due and unpaid.

That at the time of the making of said note the maker thereof duly executed and delivered to the said payee a mortgage to secure the due and proper payment of said note to said payee, or to the holder of said note, upon real estate (describing it), then being owned by said maker. That afterward, and on the 4th day of March, 1871, the said maker sold

to the defendant herein the said land; that as a part consideration for the purchase thereof, the said defendant then and there undertook, and verbally promised, to pay to the said payee, and to the holder of said note, the amount due thereon, according to its tenor and effect. That said defendant has utterly failed, neglected, and refused to pay the same, or any part thereof, according to his said promise."

The plaintiff prays judgment for the amount of both of said notes.

The defendant filed answer to the first count and demurred to the second, because it is based upon a verbal agreement to pay the debt of another, and is within the statute of frauds; this demurrer was sustained. The plaintiff appeals.

*H. C. Hemenway*, for appellant.

*Boies & Couch*, for appellee.

COLE, J.—The promise as averred in the petition is in effect a promise by the defendant to pay his own debt, it being a part consideration for the purchase of the mortgaged premises. The fact that by thus paying his own debt he also discharges the debt of another does not bring his promise within the statute. *Johnson v. Knapp*, 36 Iowa, 616, and cases cited. But further than this, we have repeatedly held that where the purchaser of mortgaged premises assumes the payment of the mortgage debt, he is liable to the creditor as upon a direct promise to him. See *Corbitt v. Waterman*, 11 Iowa, 87; *Moses v. The Clerk, etc.*, 12 Iowa, 139; *Scott's adm'r v. Gill*, 19 Iowa, 187; *Ross v. Kennison & Taggart*, 38 Iowa, 396.

REVERSED.