## LUNEY ET AL. v. MEAD.

1. **Mortgage:** OF LAND HELD UNDER CONTRACT: ASSIGNMENT OF CON-
TRACT: RIGHTS OF PARTIES. Where one who had improved and had
possession of land worth $2,000, under a contract for a deed when he
should pay the balance of the purchase-money, mortgaged the same to
defendant for $1,000, and afterwards, for the consideration of $600, as-
signed his contract to plaintiffs, who, as part of said $600, paid the bal-
ance due upon the contract, and procured a deed to the land, and it ap-
peared by a preponderance of the evidence that the plaintiffs had notice
and assumed the payment of defendant's mortgage, *held* that plaintiffs'
petition to quiet the title in them as against defendant's mortgage was
properly dismissed, and that, upon defendant's cross-petition, judgment
was properly rendered against the maker of the mortgage, and a decree
of foreclosure entered; and that a personal judgment might well have
been entered against plaintiff for the mortgage debt, on his agreement
to pay the same.

*Appeal from Sac District Court.*

THURSDAY, MARCH 22.

ON the 17th of July, 1875, one John Coates purchased
160 acres of land of the Iowa Railroad Land Company. The
purchase price of the land was $1,056. He made a cash
payment of $211.20, and contracted to pay the balance of the
purchase-money and interest thereon in installments; and
entered into four written agreements (one for each forty acres
of the land) with the Land Company, providing that upon
full payment of the purchase-money the land should be con-
veyed to him. He erected a dwelling house upon the prem-
ises, broke and put in cultivation about forty acres of land,
and made other improvements. In August, 1879, he execu-
ted to the defendant, Rachel Mead, a mortgage upon the land
to secure $1,000 and interest thereon, which mortgage was
filed for record and recorded. On the 23d day of Feb-
ruary, 1881, Coates assigned the land contracts to the plaint-
iffs for the sum of $400. There was then about $200 of the
purchase-money remaining due and unpaid. The plaintiffs
paid this amount to the company and received a deed for the
land.

This action was commenced to cancel the mortgage given by Coates to Rachel Mead, and to quiet the plaintiffs' title to the land. The defendant, by a cross-petition, set up the mortgage and made Coates a party to the action, and demanded a decree of foreclosure. The District Court dismissed the plaintiffs' petition, and rendered a judgment against Coates for the amount due on the mortgage, and entered a decree of foreclosure as prayed. The plaintiffs appeal.

*Chas. D. Goldsmith*, for appellants.

*Edson & Tait*, and *Robinson & Milchrist*, for appellee.

ROTHROCK, J.—It appears from the evidence that, at the time Coates assigned the contracts to the plaintiffs, the land was worth at least $2,000. The plaintiffs paid to Coates $400, and to the Land Company $200. If their theory of the case be correct, the land was worth $1,400 more than they paid for it. But it is claimed by the defendant that the plaintiffs, as part of the consideration for the assignment of the contracts, agreed to pay the mortgage. The plaintiffs deny that they made any such agreement, and deny that they had any notice of the mortgage, and they claim that Coates had no interest in the property which he could mortgage. Without determining whether a recorded mortgage upon an equity in real estate is valid as against a subsequent purchaser of the equity without actual notice, we are clearly of the opinion that, in this case, there is a fair preponderance of evidence that the plaintiffs had actual knowledge of the mortgage and agreed to assume its payment; and the court might well have rendered a personal judgment against them upon their contract with Coates. See *Scott's Adms. v. Gill*, 19 Iowa, 187, and authorities there cited.

The appellee has caused the supersedeas bond given in the court below to be certified to this court, and asks that judgment be rendered on the same in this court. It will be so ordered.

                                                    AFFIRMED.