R. B. BEESON v. L. C. AND M. D. GREEN, Appellants.

**Deed:** ASSUMPTION. A grantee by accepting a deed containing a covenant by the grantees to pay a mortgage on land is as effectually bound as though he had signed an agreement to that effect. Citing *Crawford v. Edwards*, 35 Mich. 354; *Huyler v. Atwood*, 26 N. J. Eq. 504; *Spaulding v. Hallenbeck*, 35 N. Y. 206; *Deck Co. v. Leavitt*, 54 N. Y. 33.

ACTION AT LAW UPON. An action at law may be maintained against a grantee in a deed on a covenant assuming the payment of a mortgage debt, without first foreclosing the mortgage. Citing *Burr v. Beers*, 24 N. Y. 178; *Follansbe v. Johnson*, 28 Minn. 311 (9 N. W. Rep. 882); *Campbell v. Smith*, 71 N. Y. 26.

PAROL VARIANCE. In the absence of fraud, a covenant in a deed for payment of a mortgage by the grantee is binding upon the latter who accepted the deed, until reformed, although its incorporation in the deed was contrary to the previous contract. Citing *Follansbe v. Johnson*, 28 Minn. 311 (9 N. W. Rep. 882); *Coolridge v. Smith*, 129 Mass. 554.

*Appeal from Dickinson District Court.*—HON. W. B. QUARTON, Judge.

THURSDAY, OCTOBER 21, 1897.

ACTION at law on a covenant in a deed assuming and agreeing to pay a mortgage on certain land. Trial to jury. Judgment on verdict directed for plaintiff, and defendants appeal.—*Affirmed.*

*J. W. Cory* for appellants.

*C. M. Brooks* and *L. E. Francis* for appellee.

LADD, J.—This action is based on a covenant in a conveyance of a tract of land in Murray county, Minn., by William Deyoe to L. C. and M. D. Green, by the terms of which the grantees assume and agree to pay certain mortgages, including the one sued on, executed by Deyoe to Adeline Dwinell, and assigned by her to the plaintiff. This deed was made and delivered to the defendants in November, 1893, and by them immediately placed on record, and subsequently they sold and conveyed the land. There was no objection to the deed until the beginning of this action, more than two years afterwards. That the deed was accepted is not questioned, nor could it be, under such circumstances. The defendants had made all the use of the instrument for which it was designed. It had served the purpose of transferring title to them, and had enabled them to convey the estate to another. They insist, however, that the deed was made in their absence, and that they never agreed to pay the mortgage. But the agreement to pay is in writing. By accepting the deed they obligated themselves as effectually as though they had signed it. *Crawford v. Edwards*, 33 Mich. 354; *Huyler's Executors v. Atwood*, 26 N. J. Eq. 504; *Spaulding v. Hallenbeck*, 35 N. Y. 206; *Dock Co. v. Leavitt*, 54 N. Y. 35. The terms of the covenant are clear and unambiguous, and oral evidence is not admissible to vary them. Authorities need not be cited in support of this elementary rule, but see *Muhlig v. Fiske*, 131 Mass. 110, where it is said: "The defendant, having, by the delivery, which the jury had found, accepted the deed of conveyance, and thereby obtained the estate which he afterwards conveyed to a third person, and so

made himself liable to the burden which by the terms of the deed he had assumed, could not (no fraud in the execution or delivery of the deed being suggested) impair the legal effect of his own act by oral evidence that he had never agreed to assume and pay the mortgage, nor authorized nor knew of the insertion of such an agreement in the deed. Such evidence, except so far as it tends to show that there had been no delivery of the deed, was therefore rightly excluded, independently of a question of pleading." The appellants rely on *Rogers v. Castle,* 51 Minn. 428 (53 N. W. Rep. 651), and *Gold v. Ogden,* 61 Minn. 88 (63 N. W. Rep. 266). These are not in point, as in each case it is simply held that the grantee named took the land as trustee, and did not accept the deed with the burden imposed. There is no evidence tending to show that any fraud was practiced on the defendants to induce them to take the deed, and no excuse is presented for doing so without reading it. Even though contrary to the previous contract, they accepted it as prepared, and, until reformed, are bound by it as fully as though drawn precisely as agreed. This is the rule ordinarily applied to written contracts, and finds support directly in point in *Follansbe v. Johnson,* 28 Minn. 311 (9 N. W. Rep. 882), and *Coolidge v. Smith,* 129 Mass. 554. Whether the facts presented a case for reformation of the deed need not be determined, as such relief is not sought, and could not be granted in an action at law.

II. It is insisted the defendants are not personally liable for the payment of the debt until the mortgaged property is exhausted. A stranger to a contract made for his benefit may maintain an action thereon. *Mills v. Brown,* 11 Iowa, 314; *Johnson v. Collins,* 14 Iowa, 63; *Johnson v. Knapp,* 36 Iowa, 616; *McHose v. Dutton,* 55 Iowa, 728; note to *Linneman v. Moross,* 38 Am. St. Rep. 531 (57 N. W. Rep. 103). A mortgagee may maintain an action at law on the covenant to pay in the mortgage or

on the note, *Banta v. Wood*, 32 Iowa, 469; *Brown v. Cascaden*, 43 Iowa, 103, and may thereafter foreclose his mortgage, *Morrison v. Morrison*, 38 Iowa, 73. It is not perceived on what tenable ground the same rules do not apply to a grantee in a deed assuming to pay a mortgage for which the grantor is personally liable. Such grantee becomes obligated for the payment of the debt. *Moses v. Clerk of Court*, 12 Iowa, 139; *Wood v. Smith*, 51 Iowa, 156. And on foreclosure personal judgment will be rendered against him. *Corbett v. Waterman*, 11 Iowa, 86; *Thompson v. Bertram*, 14 Iowa, 476; *Bowen v. Kurtz*, 37 Iowa, 239; *Ross v. Kennison*, 38 Iowa, 396; *Bank v. Mesarvey*, 101 Iowa, 285. Applying the rule permitting a stranger to a contract for whose benefit it was made to enforce it, under the cited authorities, there is no escape from the conclusion that an action at law may be maintained against a grantee in a deed on the covenant assuming the payment of the mortgage debt, without first foreclosing the mortgage. *Burr v. Beers*, 24 N. Y. 178; *Follansbe v. Johnson, supra; Campbell v. Smith*, 71 N. Y. 26.—AFFIRMED.