FREDERICK W. BENSON vs. WILLIAM MARKOE.

May 21, 1887.

Equity—Mistake of Law.—The power of courts of equity to afford relief from the consequences of the mistakes of parties to written instruments is not strictly limited to mistakes of fact, but extends also to mistakes of law. While, for a bare mistake of law alone, without other considerations affecting the case, relief will rarely, if ever, be afforded, yet equity will interfere where it further appears that the defendant, availing himself of the opportunities afforded by the mistake, will take an unconscionable advantage of the plaintiff, without consideration; the plaintiff being blameless, and the defendant being in no position entitling him to equitable protection.

Same—Reformation of Contracts.—In general, for the mistake of one party only to an instrument, relief will not be afforded, as by reformation, so as to subject the other party to obligations or conditions to which he never assented, but relief may be granted when the parties can be placed in their former position.

Same—Deed and Purchase-Money Mortgage—Quitclaim by Mortgagee Limited so as not to Release the Mortgage.—The plaintiff, who had sold certain real estate to the defendant's grantor, and executed a deed of conveyance, taking back a mortgage for the price, $12,000, was afterwards requested by the grantee to execute to him a further deed of release and quitclaim of the premises for the purpose of effectually conveying certain land, which, as was represented, had not been transferred by the prior deed. The plaintiff executed the quitclaim and release; without consideration, thereby in legal effect, but contrary to his intention, discharging his mortgage. *Held,* that the plaintiff is entitled to relief limiting the operation of the latter deed to the conveyance of the premises, the defendant having acquired his title with knowledge of the plaintiff's equity.

Appeal by defendant from an order of the district court for Ramsey county, *Simons*, J., presiding, overruling a demurrer to the complaint.

*James B. Beals* and *Ralston J. Markoe*, for appellant, cited *Catlin* v. *Fletcher*, 9 Minn. 75 (85;) *Schurmeier* v. *Johnson*, 10 Minn. 250 (319, ·322;) *Hill* v. *Edwards*, 11 Minn. 5 (22;) *Berthold* v. *Fox*, 13 Minn. ·462 (501;) *McKusick* v. *County of Washington*, 16 Minn. 135 (151;) *First National Bank* v. *National Marine Bank*, 20 Minn. 49 (63;) ·*City of Winona* v. *Thompson*, 24 Minn. 199; *Jaggar* v. *Winslow*, 30 Minn. 263; *Stone* v. *Harmon*, 31 Minn. 512, 516; *Whitney* v. *Smith*, ·33 Minn. 124; *Paine* v. *Smith*, 33 Minn. 495; *Thompson* v. *Libby*, 34 Minn. 374; *Goltra* v. *Sanasack*, 53 Ill. 456; *Sims* v. *Lyle*, 4 Wash. ·320; *Zane* v. *Cawley*, 21 N. J. Eq. 130; *Easter* v. *Severin*, 78 Ind. 540; *Champlin* v. *Laytin*, 18 Wend. 407; *Kenyon* v. *Welty*, 20 Cal. 637; *Gross* v. *Leber*, 47 Pa. St. 520; *Nelson* v. *Davis*, 40 Ind. 366; *Free* v. *Meikel*, 39 Ind. 318; *Weed* v. *Weed*, 94 N. Y. 243; *Lanning* ·v. *Carpenter*, 48 N. Y. 408–13; *Gerald* v. *Elley*, 45 Iowa, 322; *Lyon* v. *Richmond*, 2 John. Ch. 51; *Oswald* v. *Sproehule*, 16 Ill. App. 368; *Bank of United States* v. *Daniel*, 12 Pet. 48; *United States* v. *Price*, ·9 How. 90; *Lanborn* v. *County Com'rs*, 97 U. S. 181; *United States* v. *Ames*, 99 U. S. 35, 46; *Lott* v. *Kaiser*, 61 Tex. 665; *Corning* v. ·*Grohe*, 21 N. W. Rep. 662; *Gwynn* v. *Hamilton*, 29 Ala. 233; *Juzan* v. *Toulmin*, 9 Ala. 662; *Campbell* v. *Carter*, 14 Ill. 286; *Ackerman* v. *Vreeland*, 14 N. J. Eq. 23; *Furbush* v. *Goodwin*, 25 N. H. 425; *Morris* v. *Stephens*, 46 Pa. St. 200; *Hall* v. *Leonard*, 1 Pick. 27; Pomeroy, Eq. Jur. §§ 843, 849; Bispham's Eq. § 187; Story, Eq. § 138; *St. Luke's Home* v. *Association*, 52 N. Y. 191; *Armstrong* v. *Du Bois*, 90 N. Y. 95, 104; *Drew* v. *Swift*, 46 N. Y. 204; *Gilbert* v. *Moline Plow Co.*, 119 U. S. 491; *Kirkland* v. *Conway*, 6 N. E. Rep. 59; *Lang* v. *Straus*, 7 N. E. Rep. 763; *Jaqua* v. *Witham*, 7 N. E. Rep. 314; *Bever* v. *North*, 8 N. E. Rep. 576; *Henry* v. *Stevens*, 9 N. E. Rep. 356; *Bank of U. S.* v. *Dunn*, 6 Pet. 57; *Martin* v. *Berens*, 67 Pa. St. 459; *Hutchins* v. *Hutchins*, 98 N. Y. 56; *Marsh* v. *McNair*, 99 N. Y. 174.

*W. J. Rodgers* and *H. J. Horn*, for respondent.

DICKINSON, J. This is a demurrer to the complaint. It appears from the complaint that in 1883 the plaintiff, being the owner of several lots in a certain block of land in the village of White Bear, sold and conveyed them to William F. Markoe, a son of the defendant, designating the property conveyed by giving the numbers of the lots and block according to the recorded plat. The plaintiff took back a mortgage upon the same property to secure the payment of the purchase price, a sum of about $12,000, which was recorded. In 1885 the grantee "applied to this plaintiff to make, execute, and deliver * * * a deed of quitclaim and release of said mortgaged premises, and then and there alleged, as a reason for such request," that the block contained a surplus of land exceeding the area specified in the plat, and that the proper proportion of this, justly pertaining to the lots described, had not been conveyed by the deed. The plaintiff, "relying upon said representations, and believing the same to be true," made, executed, and delivered to his former grantee a deed of release and quitclaim, whereby the plaintiff, for the acknowledged consideration of five dollars, granted, released, and quitclaimed to his former grantee the premises described in the mortgage, which deed was recorded. It is alleged that this was without any consideration, and that the plaintiff never intended thereby to release or discharge the mortgage. After this, the plaintiff's grantee, who is alleged to be insolvent, conveyed the premises to this defendant, who took the same with full notice and knowledge of these facts, and the defendant now claims to own the premises discharged of the lien of the mortgage.

The legal effect of the release and quitclaim to the mortgagor was to discharge the mortgage. *Gille* v. *Hunt*, 35 Minn. 357, (29 N. W. Rep. 2.) The question is whether relief can be had in equity upon the ground of the mistake.

It is argued that even if the complaint be construed as showing that it was not the intention of either the grantor or grantee that the mortgage should be discharged, but that the mutual intention was only to convey land not conveyed by the former deed, yet equity will afford no relief because the mistake of the parties as to the legal effect of the instrument was a mistake of law, and for this there is no relief.

It is a general rule, recognized in equity as well as at law, that mere mistakes of law, unattended by other circumstances affecting the case, do not afford ground for relief; but it is not a rule of universal application that equity will not hear parties to allege a mistake as to the law, or afford relief for its consequences.

In *Canedy* v. *Marcy*, 13 Gray, 373, an oral contract had been made by the plaintiffs, who had inherited certain real estate subject to a widow's dower, to sell two-thirds of the premises, it not being intended to include the reversionary interest of the heirs in the one-third which might be set off to the widow as dower. By mistake, deeds were drawn in such terms as to convey also this reversionary interest of the plaintiffs. The terms of the deeds were such as were intended to be employed, but both the scrivener who drew them, and the grantors, and, as it seems, the grantee as well, were mistaken as to the legal effect of those terms, supposing that they were only effectual to convey two-thirds of the premises. The grantee did not claim any greater estate; but, he having reconveyed to the defendant, the latter asserted title to the whole estate. Equitable relief being sought in this action, it was allowed, Shaw, C. J., saying: "We are of opinion that courts of equity in such cases are not limited to affording relief only in case of mistake of fact, and that a mistake in the legal effect of a description in a deed, or in the use of technical language, may be relieved against upon proper proof."

*Stedwell* v. *Anderson*, 21 Conn. 139, was a case where several sisters, owning land jointly, attempted, with their respective husbands, to make partition by deed. One of the husbands, who drew the deeds, by mistake and ignorance as to the proper form, made the husbands grantees with their wives, thus conveying a fee to the husbands contrary to the intention of the parties. In this action, many years afterwards, relief was afforded, the court saying: "When property has been conveyed through mistake, by deed, which the parties never intended should be conveyed, which the grantor was under no legal or moral obligation to convey, and which the grantee in good conscience has no right to retain, a court of chancery will interfere, and correct that mistake, whether it arose from a misapprehension of the facts, or of the legal operation of the deed."

v.37m—3

In *Cooke* v. *Husbands,* 11 Md. 492, a deed was executed which, by mistake of the draughtsman as to its legal effect, conveyed a greater interest than was intended by the parties. Relief was granted.

*Clayton* v. *Freet,* 10 Ohio St. 544, was for the correction of a deed. The parties were shown to have intended the conveyance to be of lands to a wife for life, with remainder to her children. By ignorance and mistake the deed was made conveying the premises to the wife and to her heirs, the parties supposing such a deed would have the desired effect. Relief was granted, although the mistake was one of law.

A similar case was presented in *Evants* v. *Strode,* 11 Ohio, 480, (38 Am. Dec. 744,) and the same principle declared. See, also, to the same effect, *McNaughten* v. *Partridge,* 11 Ohio, 223, (38 Am. Dec. 731.)

The same principle was involved in *Remington* v. *Higgins,* 54 Cal. 620, which supports the proposition that a mistake of law as well as of fact may afford ground of relief in equity. So in *McMillan* v. *New York Water Proof Paper Co.,* 29 N. J. Eq. 610, a mortgage by mistake drawn to certain individuals and their *"successors,"* instead of to their heirs, was corrected. See, further, *Brown* v. *Lamphear,* 35 Vt. 252; *Larkins* v. *Biddle,* 21 Ala. 252; *Champlin* v. *Laytin,* 1 Edw. Ch. 467; *Green* v. *Morris & Essex R. Co.,* 12 N. J. Eq. 165; *Stover* v. *Poole,* 67 Me. 217, 223; *Worley* v. *Tuggle,* 4 Bush, 168; *Walden* v. *Skinner,* 101 U. S. 577; *Snell* v. *Insurance Co.,* 98 U. S. 85; *Pitcher* v. *Hennessey,* 48 N. Y. 415, 424; *Baker* v. *Massey,* 50 Iowa, 399; *Underwood* v. *Brockman,* 4 Dana, 309, (29 Am. Dec. 407;) *Willan* v. *Willan,* 16 Ves. 72; Pollock, Cont. 393, 395, 450; Leake, Cont. 345, 346; 2 Pom. Eq. Jur. 842–847.

A careful consideration of the authorities has led us to the conclusion that the power of courts of equity to afford relief from the consequences of the mutual mistakes of parties to written instruments is not strictly limited to cases of mistake of fact, but extends also to mistakes of law; and while, if nothing more than the bare mistake be shown as a reason for relief, it will rarely, if ever, be granted, yet equity will interfere where it further appears that the defendant, availing himself of the opportunities afforded by the mistake, will

enforce an unconscionable advantage without consideration, the defendant being in no position entitling him to equitable protection, and the plaintiff not being blamable. But this jurisdiction will be exercised with caution, and only very clear and convincing proofs will be sufficient to overcome the presumption that the written instruments which parties have executed for the purpose of evidencing and carrying into effect their agreements are in legal effect or in terms contrary to their intention.

The case of *McKusick* v. *County of Washington*, 16 Minn. 135, (151, 157,) did not involve any material mistake. The plaintiff, relying upon representations that the land would be permanently devoted to a specified purpose, conveyed the fee by an absolute deed, unqualified in terms, the legal effect of which the plaintiff knew. At least nothing was alleged to the contrary.

Neither did *First Nat. Bank of St. Paul* v. *National Marine Bank*, 20 Minn. 49, (63,) present any such question as that involved in this case. The question there was whether a written contract of indorsement could be affected by a contemporaneous oral agreement that it should not have the effect which the law puts upon it. There was no mistake as to the legal effect of the written contract, but the very common case was presented of an attempt to vary the written agreement by parol. The court says: "Neither fraud, mistake, nor surprise in making the contract is alleged."

The rule ordinarily applicable in such cases is different when the question arises in a court of equity in a suit to avoid or to reform a written instrument for mistake, surprise, or fraud.

In *Catlin* v. *Fletcher*, 9 Minn. 75, (85,) the plaintiff, a widow, sought to secure the cancellation of a mortgage given by herself and husband to the defendant, and to enjoin a foreclosure by the defendant. It appears from the complaint demurred to that the plaintiff's husband owed to the defendant the debt secured, and that Swift's liability was that of an indorser for Catlin's accommodation. The grounds upon which the plaintiff sought relief were that she had been induced by the defendant to execute the mortgage by his stating to her that Swift would not indorse the new note unless a mortgage were given; that, if she would execute the mortgage, he, the mortgagee, would not

enforce it, but would collect the debt from Swift, the indorser; and, further, that Swift could not touch the mortgaged property. The court, after stating that the complaint did not show that this last representation was untrue, adds : "But, assuming that the statement was not true, it was not a misrepresentation of a material fact, but one in regard to the legal effect of the conveyance; and such mis-- representations will not avoid the instrument." This language, when. read in view of the case then under consideration, is not necessarily op-- posed to our present conclusion. The mistake, if there was one, was. not attended by such circumstances as would justify a court of equity to interfere in her favor. To have granted relief in that case because of the plaintiff's mistake as to Swift's power to avail himself of the mortgage, would have been to sanction conduct on the part of the plaintiff which was calculated to defraud Swift, whose indorsement she had knowingly assisted to procure by executing the mortgage which she afterwards sought to avoid. We do not understand that the court meant that equity would never relieve from a mistake of law.

Assuming, then, that relief may be afforded, although the conse-quences sought to be averted have resulted from mistake of law, the case here presented is a proper one for the exercise of such jurisdic-tion. We are still assuming that the mistake was mutual, and that the complaint shows this to have been the case. It falls within the somewhat common class of cases where, in attempting to carry into effect a prior agreement, as in *Canedy* v. *Marcy, supra,* the instru-ment executed, by reason of mistake of the parties as to its legal ef-fect, fails to express their real intention. It is apparent, as we think, from the complaint, that this deed of release and quitclaim was in-tended to complete the conveyance of the lands previously sold, and which were supposed not to have been effectually conveyed by the former deed. But we think that the existence of a prior agreement is not absolutely necessary as a condition to justify equitable relief. If, without any agreement having been made prior to the time of the execution of this instrument, the intention of the parties was, by the execution and delivery of this deed, to merely convey certain land, and if, by mutual mistake or ignorance of the law, terms were em-ployed which had the legal effect, not merely to convey such land,

but also to accomplish something entirely different, and relating to a different subject, to which their minds had not been directed, relief may be afforded.

The facts that the parties to this deed intended only to convey and to take certain land not included in the former deed; that the release of the mortgage upon the land which had been previously conveyed was not in their minds, nor a subject concerning which they were dealing, or to which this quitclaim deed was supposed to relate; that this deed was given wholly without consideration; and that to now allow it to have effect as a release of the mortgage, contrary to the intention of the parties to it, would be a *surprise* resulting in a most unconscionable advantage,—are enough to take the case out of the operation of the general rule that for mere mistakes of law, unaccompanied by other circumstances appealing to the equitable discretion of the court, relief will not be afforded.

We have considered the complaint as showing a mutual mistake by the parties to the deed; the respondent (the plaintiff) claiming that it so appears, and it seeming probable that it was intended so to allege the fact, and that in the further progress of the cause the case may so appear to be. It is not, however, so alleged, nor is it necessarily inferable from what is alleged, and we have to consider whether, the plaintiff alone being mistaken as to the effect of the deed, he may have relief in equity. The complaint does not allege fraud.

In general, the mistake of only one of the parties to an instrument does not justify a reformation of it so as to impose upon the other party thereby obligations which he never intended to assume, or to bind him to do or to receive what he never contracted for or contemplated. But, while the instrument will not be reformed so as to effect such consequences, it may be rescinded or cancelled for the mistake of one only of the parties. *Diman* v. *Providence, etc., R. Co.*, 5 R. I. 130; *Dulany* v. *Rogers*, 50 Md. 524; *Hearne* v. *Marine Ins. Co.*, 20 Wall. 488, 491; *Harris* v. *Pepperell*, L. R. 5 Eq. 1; *Brown* v. *Lamphear*, 35 Vt. 252, 259. Of course, this should not be done unless the parties can be replaced in their former position. This plaintiff appears to be entitled to such relief as shall, in effect, limit the operation of this deed to the conveyance of the premises intended,

There having been no consideration for the release of the mortgage, no such release having been intended by the grantor, and the grantee having no equitable right to retain such an advantage, the complaint shows good cause for relief. This defendant, with full notice and knowledge of the plaintiff's equities, is in no better position to oppose the granting of a remedy than was his grantor.

Order affirmed.