### Josias N. Rogers *vs.* Henry A. Castle *et al.*

Argued Oct. 27, 1892. Decided Dec. 1, 1892.

**Equitable Defense by Grantee against Personal Liability for Incumbrances.**

Rogers sold and conveyed real estate to Jones, who made the purchase in behalf of a syndicate of which Castle and others were members. Although Jones had no real interest in the transaction, he gave his promissory notes to Rogers for the purchase price, and secured the same by a mortgage on the land. Afterwards, for the benefit of the syndicate, Jones executed and placed on record a deed conveying the land to Castle, in which deed the scrivener who wrote it, without instructions so to do, inserted a clause to the effect that the grantee, Castle, assumed and agreed to pay said mortgage. Castle had authorized a conveyance to be made to him of all lands held, as this was held, by Jones for the benefit of the syndicate, although he did not know of this particular deed. He had not agreed thus to personally assume the mortgage debt, nor had he authorized *such* a deed to be made. While Jones knew that the clause was in the deed, he did not know that it imposed a personal liability on the grantee, nor did he intend to impose such liability. Rogers, the mortgagee, having sued Castle to recover the amount of the mortgage debt, by reason of such assumption clause in the deed, *held*, that the facts show an equitable defense in the nature of mistake in the deed, which would have entitled Castle to a reformation of it as between himself and his grantor, Jones; that even though Rogers, the mortgagee, a stranger to the alleged obligation of Castle, might sue to enforce it, his right of action is subject to the equities between the contracting parties; that an actual reformation of the deed is not necessary for the purposes of this defense. *Follansbee* v. *Johnson*, 28 Minn. 311, distinguished.

**Findings Sustained.**

Evidence *held* to sustain the findings of the court.

Appeal by plaintiff, Josias N. Rogers, from an order of the District Court of Ramsey county, *Kelly*, J., made March 16, 1892, denying his motion for a new trial.

Plaintiff and Samuel H. Marshall on February 15, 1887, owned the southwest quarter of section thirty-three, (33,) T. 30, R. 20, in Washington county, subject to a mortgage to James L. Devon for $3,375. They on that day sold and conveyed the land to James W. Jones for $10,000. He paid down $3,000 and assumed the mortgage to Devon, and gave his three notes, each for $1,208.33, for the residue, due in one, two and three years respectively. The three notes were secured by a second mortgage on the land. The first of these notes was paid, and one year's interest on the others. Marshall assigned his interest in these two notes to the plaintiff.

Henry A. Castle, Lane K. Stone, W. S. Morton and several others were partners in business dealing in real estate lying near North St. Paul. They called themselves a syndicate, and had offices in the German-American Bank Building in St. Paul. Jones and one Charles E. Stanton were their clerks, and purchases were made and titles taken for convenience in the name of one or the other of these clerks. This purchase was in fact a purchase by the syndicate. On July 26, 1887, the members requested Castle to take the title of their property and hold it for the partnership in the place of Stanton and Jones. He consented to do so, and on that day Stanton and Jones each conveyed to him. In the deed from Jones of this quarter section it was recited that the property was sold "subject to two mortgages, one for $3,375 to Devon, and the other for $3,625 to Rogers, which mortgages grantee assumes and agrees to pay." This deed and the others were sent by Jones to the registry at Stillwater and were recorded and returned to him, and were thereafter kept in the office safe, of which Jones held the combination. Castle never saw the deed and did not in fact agree to assume or to pay the mortgages; nor did he have notice until July, 1890, that such a clause was inserted in the deed. Jones knew it, but did not know its legal effect. Devon foreclosed his mortgage, and at the sale on October 26, 1889, the plaintiff bid in the land for the amount due to Devon and the expenses of foreclosure. No redemption was made from

this foreclosure sale and plaintiff acquired the property. He then brought this action against Jones and Castle on the two unpaid notes of $1,208.33 each, and the clause in the deed to Castle, claiming that Castle by accepting the deed, had assumed to pay the debt.

The trial court found that at the time Jones executed the deed he knew it contained the clause that Castle assumed and agreed to pay the mortgages, but he had not directed it to be so inserted and did not understand the object had in inserting it in the deed, nor did he in fact know the legal effect of it. In causing the deed so written to be recorded, he was guilty of a legal fraud upon Castle. That Castle did not know that any deed had been executed to him by Jones until some time in the year 1890, and did not know the deed contained this clause or any words of like effect or import at any time earlier than the month of July, 1890. Upon learning that the deed contained this clause assuming to bind him to pay the debt, Castle without unnecessary delay repudiated the same, and denied his liability thereunder, and so informed Jones, the grantor. He also told the plaintiff that the deed was not authorized by him and was not accepted by him, and refused to pay the notes or either of them. The trial court also found that the deed was never delivered to Castle, and in the form in which it was drawn and executed was not at any time or in any manner authorized by Castle to be delivered to him, and was not at any time accepted by him and was never ratified by Castle in any manner after he knew its contents. That the clause was inserted in the deed solely by the mistake of the scrivener who drew it, and that it was not the intention of the parties thereto that Castle should assume the mortgage indebtedness.

The court ordered judgment against Jones for the amount of the notes but held that Castle was not liable. The plaintiff moved for a new trial, and being denied, he appeals.

*T. R. Palmer*, for appellant.

If the parties claiming delivery were transposed; if the value of the property instead of depreciating had increased, and the creditors of Jones were attempting to seize it as his, claiming the deed to Castle had never been delivered, and Castle was resisting the proceeding,

claiming the deed had been delivered, the evidence in this case would establish a delivery of the deed beyond all question.

The evidence points conclusively to a delivery of the deed, but without the knowledge on Castle's part that it contained the assumption clause. When he learned the deed contained this clause, he denied that he intended to assume the mortgage indebtedness. But there is no evidence that he ever denied the delivery of the deed, or that he ever claimed the title was not vested in him. He simply objected to a part of the deed. *Stevens* v. *Hatch,* 6 Minn. 64, (Gil. 19;) *Heiman* v. *Phœnix Mut. Life Ins. Co.,* 17 Minn. 153, (Gil. 127;) *Thompson* v. *Easton,* 31 Minn. 99; *Gaston* v. *Merriam,* 33 Minn. 271; *Conlan* v. *Grace,* 36 Minn. 276; *Nazro* v. *Ware,* 38 Minn. 443; *Lee* v. *Fletcher,* 46 Minn. 49.

Possibly if Castle had read the deed at the time it was made he would have declined to accept it. His failure to read the deed is of no consequence. He is bound by its provisions just as fully as if he had carefully read every word of it. *Follansbee* v. *Johnson,* 28 Minn. 311; *McCall* v. *Bushnell,* 41 Minn. 37; *Cleaver* v. *Traders' Ins. Co.,* 71 Mich. 414.

Assuming that Jones did not understand the assumption clause would bind Castle to pay the indebtedness, that is a mere mistake of law on his part, and not such a mistake as the court will correct. *Caldwell* v. *Depew,* 40 Minn. 528.

No fraud was practiced upon Castle. Jones made no misrepresentation to him or his agents, did nothing to deceive them, and concealed nothing. Mistake or fraud must be clearly established before courts of equity will interfere. Castle's ignorance of the exact contents of the deed was due entirely to his gross carelessness. *Long* v. *Warren,* 68 N. Y. 426; *Slaughter* v. *Gerson,* 13 Wall. 383; *Albany City Sav. Inst.* v. *Burdick,* 87 N. Y. 40.

The court should have compelled defendant to elect on which of the two inconsistent defenses he would rely; whether on the mistake, or on the fraud of Jones in inserting the assumption clause. *Derby* v. *Gallup,* 5 Minn. 119, (Gil. 85;) *Warner* v. *Lockerby,* 31 Minn. 421.

There is no evidence to support the finding that Jones was guilty of a legal fraud.

*Young & Lightner*, for respondent.

The deed upon which is predicated the claim of personal liability against Castle was never authorized by him, delivered to him or accepted by him. It was executed by mutual mistake and without the knowledge on the part of either Jones or Castle that it contained the assumption clause.

The insertion of the assumption clause in the deed, even if it should be held that the deed was delivered, was a legal fraud, and imposes no personal obligation upon Castle. We do not mean to say that Jones knowingly and deliberately perpetrated a fraud. The evidence shows clearly that he did not know the legal effect of the deed, but it was a legal fraud on Castle to place upon him a personal responsibility which he never authorized or agreed to assume. *Kilmer* v. *Smith*, 77 N. Y. 226; *Albany City Sav. Inst.* v. *Burdick*, 87 N. Y. 40; *Dey Ermand* v. *Chamberlin*, 88 N. Y. 658; *Kelly* v. *Geer*, 101 N. Y. 664; *Dunning* v. *Leavitt*, 85 N. Y. 30; *Crowe* v. *Lewin*, 95 N. Y. 423; *Flagg* v. *Munger*, 9 N. Y. 483; *Loeb* v. *Willis*, 100 N. Y. 231; *Bull* v. *Titsworth*, 29 N. J. Eq. 73; *Cordts* v. *Hargrave*, 29 N. J. Eq. 446.

The deed to Castle was unauthorized, nor has it been ratified by Castle. The two essential elements of ratification are full knowledge of the facts and some positive act showing that the principal adopts his agent's acts. *Humphrey* v. *Havens*, 12 Minn. 298, (Gil. 196;) *Jackson* v. *Badger*, 35 Minn. 52; *Combs* v. *Scott*, 12 Allen, 493; *Allen* v. *American B. & L. Ass'n*, 49 Minn. 544; *Culver* v. *Badger*, 29 N. J. Eq. 74.

Any claim that Rogers may have is obtained through privity with Jones. As a matter of law he stands in Jones' place and has no greater rights than Jones would have against Castle. *Maxfield* v. *Schwartz*, 45 Minn. 150.

There is no claim that there has been any change of position on the part of Rogers based upon the existence of the deed in question,

and there is therefore, nothing upon which to base an estoppel. *Stuart* v. *Lowry*, 42 Minn. 473.

The defenses of mistake, and fraud in law, were not inconsistent, and even if they were, it was a matter of discretion on the part of the court to compel defendant to elect in the midst of the trial.

DICKINSON, J.  This is an action to recover the amount of two promissory notes executed by the defendant Jones to the plaintiff and one Marshall, to whose rights the plaintiff has succeeded.  These notes, with another which has been paid, were given by Jones for the purchase price of a quarter section of land at or near North St. Paul, in Washington county, which was sold and conveyed by Rogers and Marshall to Jones.  Jones executed to the vendors a mortgage on this land to secure the notes.  The controversy is as to whether the defendant, Castle, afterwards assumed the payment of this mortgage debt, so as to have become personally liable therefor to the plaintiff.

Prior to the purchase by Jones, an association or "syndicate" was formed by Castle, Stone, Morton, and others to deal in real estate near North St. Paul.  Castle contributed $10,000 to the enterprise. Stone and Morton had active charge of the affairs of the association, and Jones was its secretary.  While the vendors sold and conveyed this land to Jones, he was in fact acting in behalf of the association, and took and held the title for it, he having no real interest in the land.  One Stanton had also purchased other lands, taking the title in himself, but acting only in behalf of the syndicate.  Stanton being about to remove from the state, Castle consented, at the request of Stone, that the title held by Stanton should, for convenience, be conveyed to him, (Castle.)  Castle, supposing that *all* of the syndicate lands were thus held by Stanton, consented that all should be conveyed to himself; he not knowing that Jones held the title to the tract here referred to.  Stone then instructed Jones to cause the titles to such lands to be transferred to Castle.  Jones then (July 26, 1887) executed a deed from himself to Castle, conveying the quarter section of land above referred to, caused it to be recorded in Washington county, and, after having been so recorded, he placed it, among other syndicate papers, in a safe of which he had the combi-

nation, where it afterwards remained.    The scrivener who drew this deed, without being instructed so to do, but of his own motion, inserted therein the words, "which mortgage indebtedness the said Henry A. Castle, party of the second part, hereby assumes and agrees to pay."    This language referred to the notes and mortgage which Jones had given to this plaintiff and Marshall.    It is upon this clause in that deed that the plaintiff seeks in this action to hold Castle to a personal liability for the payment of the mortgage debt.

When Jones executed the deed, he knew that it contained these words, but he did not understand why they had been inserted, and did not know their legal effect; nor was it the intention of the parties that Castle should assume the mortgage debt.

The deed was never delivered to Castle, as is found by the court; and in the form in which it was drawn—with the clause imposing on Castle a personal liability for the debt—he never authorized the execution of it to himself, nor was it accepted by him, nor ratified after he knew the contents of it.    He did not know that this deed had been executed to him by Jones until some time in the year 1890; nor prior to July, 1890, did he know that the deed contained the above-recited clause.    Upon learning this fact, he repudiated the same, and so informed Jones.

When the plaintiff acquired from Marshall the interest of the latter, he knew that Castle denied his liability upon the grounds here relied upon in defense.

For the purposes of this decision, it may be assumed, in favor of the appellant, that the deed to Castle took effect and became operative as a conveyance when it was recorded by Jones, and placed among the other papers of the syndicate.    We will assume, too, that, as a general legal proposition, the mortgage creditor of the grantor might, under ordinary circumstances, maintain an action against the grantee to recover on such an assumption clause in the deed. But, though this be so, we think that the facts here disclosed and found constitute a defense in favor of Castle.

There was no privity of contract between Castle and the plaintiff. The latter was a stranger to the alleged contract obligation upon which the plaintiff seeks to recover, as well as to the consideration

therefor. He stood in no other relation to the transaction than that of a merely gratuitous beneficiary of a promise made, if at all, not to him, but to a stranger. He certainly cannot assert rights superior to those of Jones, the promisee. But if Jones had sued to enforce this alleged obligation of Castle, the facts here shown would have been available as an equitable defense. Castle would have been entitled to a reformation of the deed by striking out the assumption clause. Neither of the parties intended that the deed should contain a provision imposing a personal liability on the grantee. There had been no such agreement between them. Castle did not know until long afterwards that the deed contained such a clause, and Jones did not know that it imposed a liability on the person to whom the conveyance was thus made. To enforce the expressed obligation would be contrary to the intention of both parties. To reform it by striking out this clause would make the deed as it was intended by both parties to be, and no rights would be prejudiced thereby. That equity will afford relief in such cases, even though, as to Jones, the mistake was as to the legal effect of the deed in its present form, see *Benson* v. *Markoe,* 37 Minn. 30, (33 N. W. Rep. 38,) and cases referred to.

It is said that Jones could not have been compelled to relinquish his title to the syndicate without their assuming the debt which he had taken on himself when he bought the land for them. That may or may not be true. It would probably depend upon circumstances which cannot be presumed to be here fully disclosed. But, even if that be true, it is of little importance here. The question is not what Jones might have done,—what conditions he might have insisted upon. If he might have refused to convey unless his grantee would assume a personal liability for the mortgage debt, he did not do so. He intended to convey the property without subjecting his grantee to such liability. Nor does it appear that Castle was under any obligation, legal or moral, to assume the debt of Jones. Even if the syndicate owed to Jones any such duty, Castle was not the syndicate.

That this equitable defense is available against this plaintiff, as it would have been against Jones, see *Bull* v. *Titsworth,* 29 N. J. Eq.

73; *Kilmer* v. *Smith,* 77 N. Y. 226; *Albany City Savings Inst.* v. *Burdick,* 87 N. Y. 40. The right of action in the gratuitous beneficiary is subject to the equities between the parties to the contract. *Dunning* v. *Leavitt,* 85 N. Y. 30. An actual reformation of the deed cannot be necessary for the purposes of this defense as to a stranger to the whole transaction. If it would be inequitable between the parties to enforce the expressed obligation, which they never intended to create or assume, that is a sufficient reason why one standing in the situation of this plaintiff should not enforce it. The decision in *Follansbee* v. *Johnson,* 28 Minn. 311, (9 N. W. Rep. 882,) is not opposed to the view which we here express. The question presented and considered in that case was as to the sufficiency of the evidence offered to establish fraud.

The delivery of the deed, and the fact that it took effect as a conveyance, do not stand in the way of a reformation. Nor was it necessary that the grantee should reconvey the land, or return the deed, or repudiate it as a conveyance and *in toto,* to enable him to assert this equitable defense to the enforcement of this alleged obligation. The retention of the deed, without knowledge that it contained such a clause or imposed an obligation not contemplated by the parties, would not be effectual as a ratification of or acquiescence in that clause of the deed, especially if, as was the fact, Castle did not even know of the existence of the deed or of its having been recorded. Nor were there any facts which could operate as an estoppel against him.

The findings of fact, which are necessarily decisive of the case, are clearly in accordance with the evidence.

What has been already said is applicable to several of the assignments of error as to the rulings and findings of the court. Some of the others should be briefly noticed.

If this was a case in which the defendant might have been compelled to elect whether he would rely upon the defense of mistake or fraud, there was no exception which can be regarded as applying to the refusal of the court to require an election to be made.

The finding of the court that, in causing the deed to be recorded, with the assumption clause in it, Jones was guilty of a legal fraud,

was evidently intended as a mere legal conclusion from the facts specifically found. Even though such a conclusion may not have been justified, a reversal would not follow, for it is not material whether the insertion of the assumption clause be looked upon as a mistake, only, or as a fraud. It is enough that it was a mistake, accomplishing an effect not intended even by the party who alone knew that such a clause was in the deed; and that it was at least such a mistake is settled by the specific findings of the court. It is reasonable to suppose that what was meant by the statement in the findings, above indicated, was that to enforce or give effect to this clause, under the circumstances as found, would operate as a fraud upon the grantee.

There were some rulings concerning evidence which was clearly immaterial or incompetent, to which we do not deem it necessary to refer particularly.

Order affirmed.

(Opinion published 53 N. W. Rep. 651.)