CORNELIUS B. GOLD and Another, Trustees, v. BENJAMIN H. OGDEN.[1]

May 10, 1895.

Nos. 9168—(44).

**Assumption of Mortgage—Repudiation of Covenant.**

    W. purchased from the mortgagor premises which were subject to a mortgage to plaintiffs, taking the conveyance in the name of defendant, without the authority or consent of the latter. Defendant had no interest in the property, and never asserted any right of ownership. The deed contained a provision that the grantee "assumed and agreed to pay the mortgage." When W. informed defendant that he had taken the deed in his name, the latter made no objection, but did not then know that the deed contained this "assumption clause." Upon being subsequently informed by W. that the deed contained this clause, defendant objected to holding the title with this clause in the deed, whereupon W. promised him to procure from the grantor a release of this covenant, and subsequently did so. Up to this time plaintiffs had never accepted or acted upon the covenant, and no facts had intervened from which any equity arose in their favor. Defendant, supposing that he had been relieved of all liability, made no further objection to the title standing in his name. *Held*, that defendant was not liable to plaintiffs on the covenant in the deed; that it was not necessary that he should repudiate the deed in toto and reconvey; that all he ever accepted or ratified was the deed with this covenant discharged; and hence, in fact, no liability on the covenant ever attached.

    Appeal by defendant from an order of the district court for Ramsey county, Brill, J., denying a motion for a new trial. Reversed.

*William G. White*, for appellant.

*James E. & George W. Markham*, for respondents.

---

[1] Reported in 63 N. W. 266.

MITCHELL, J.    This action was brought upon a covenant in a conveyance from one Flint to defendant by the terms of which the grantee assumed and agreed to pay plaintiffs' mortgage on the premises.

The undisputed·evidence is that, in 1889, Flint and one Warner made an exchange of properties.    Among the properties received by Warner was a tract upon which was a mortgage to plaintiffs for the payment of which Flint was personally liable.    Warner, for purposes of his own, caused the conveyance to be made to defendant.    This conveyance contained the assumption clause above referred to.    The deed was delivered to Warner, who placed it on record.    Defendant had not authorized the taking of the deed in his name, and had no knowledge that it had been done until some time in 1891.    He had no interest in the property, never exercised any control over it, and never received any of the rents and profits. Warner, who was the real owner of the property, took possession, and received all the· rents and profits.    In 1891 Warner informed defendant that the deed had been taken in his name, and the latter made no objection, but he did not then know that it contained any covenant purporting to make him, as grantee, liable for incumbrances.    When he was for the first time informed of this fact by Warner some months later, he told him that he objected to holding the property in his name with this assumption clause in the deed, as it placed him in jeopardy.    Thereupon Warner told him it would be all right, and promised to secure a release from this covnant.    Thereafter, in December, 1892, Warner procured from Flint the instrument set up in the answer, releasing defendant from all liability on the covenant.    Warner placed this release on record in May, 1893.    Defendant, supposing he was thereby released from all personal liability, made no further objection to the title of the property remaining in his name.    In 1894 the plaintiffs foreclosed their mortgage, and bid in the mortgaged premises for less than the amount due, and thereafter brought this action to recover the deficiency from defendant on the covenant in the deed.    There is no evidence that plaintiffs ever accepted, acted on, or even knew of the existence of this covenant until the commencement of this action.    Neither were any facts proven to have intervened from which any equity could arise in their favor.    The counsel for plain-

tiffs correctly concedes that the finding of the court as to the insolvency of Flint does not go far enough to avail him. He plants himself squarely upon the proposition that where the grantee in an absolute conveyance assumes and agrees to pay a mortgage thereon, for which his grantor is personally liable, an absolute and irrevocable obligation is thereby created in favor of the mortgagee, which cannot be released without his consent.

We do not find it necessary in this case to pass upon this mooted question, upon which courts differ; their conclusions seeming to depend largely upon the view they take of the nature and purpose of the covenant,—whether one intended for the benefit of the mortgagee as well as of the mortgagor (grantor), or as one of mere indemnity to the latter, of which, however, the mortgagee, as a mere gratuitous beneficiary, may avail himself by way of equitable subrogation, and thus avoid circuity of action. Compare Douglass v. Wells, 18 Hun, 88, with Crowell v. Hospital, 27 N. J. Eq. 650, and Youngs v. Trustees of Public Schools, 31 N. J. Eq. 290. All the authorities, however, are agreed that in case of such a contract, to which the mortgagee is not a party, and for which he has paid no part of the consideration, he acquires no greater rights than the covenantee or promisee has, and takes the covenant, if at all, subject to all the defenses, legal and equitable, which would have been available against the latter. Maxfield v. Schwartz, 45 Minn. 150, 47 N. W. 448; Rogers v. Castle, 51 Minn. 428, 53 N. W. 651.

It is clear that, up to the time that defendant was informed of the existence of this covenant in the deed, he would have had a perfect defense as against any one, because he had never authorized or consented to the taking of a conveyance in his name containing any such obligation. When he was informed of the existence of the covenant, he in no way assented to or ratified the unauthorized act, but, on the contrary, objected to it, and never assented to the title remaining in his name, except upon the condition that he would be and had been released from all liability on the covenant. It was not necessary that he should have repudiated the deed in toto and reconveyed. Rogers v. Castle, supra. The procurement of the release from liability on the covenant amounted, in effect, to the same thing as if defendant had repudiated the deed in toto, and reconveyed, and then consented to another con-

veyance without any such covenant. Of this release plaintiffs cannot complain, for, as matters then stood, Flint, and, as a consequence, plaintiffs, could not have enforced the covenant against defendant. It is hardly accurate to call it a "release," for, in fact, no liability had ever attached. The evidence does not justify the finding of the trial court that defendant accepted and ratified the deed, if by that is meant that he accepted and ratified the deed containing this assumption clause. All that he ever accepted or ratified was the deed with this covenant eliminated or discharged.

Order reversed.