# AMERICAN FRUIT PRODUCT COMPANY v. BARRETT & BARRETT.[1]

December 16, 1910.

Nos. 16,810—(120).

**Reformation of contract.**

A contract entered into under mistake of one of the parties as to its legal effect, coupled with inequitable conduct on the part of the other contracting party, may be reformed in equity.

**Reformation of written contract.**

But the rule does not apply to a written contract, couched in plain and unambiguous language, concerning which and the legal effect whereof there can be no question, which is signed and executed with full knowledge of its various terms and provisions.

**Same — parol evidence to vary writing.**

A written contract for the sale of goods provided that orders therefor should be made before a date specifically named. *Held*, that a contemporaneous oral agreement that orders would be received and filled, if made subsequent to the date so named, cannot be incorporated in the contract, within the rule stated, on the theory of reformation; no fraud or deception being shown.

Action in the district court for Ramsey county to recover $1,948.-64, balance alleged to be due upon a certain contract. The answer alleged that the defendant executed the contract set out in the complaint, and both plaintiff and defendant understood and agreed that it was therein provided defendant should be given until the close of navigation in which to order shipment, and set up a counterclaim for $9,246.54 for plaintiff's failure to deliver the balance of the vinegar ordered. The facts are stated in the opinion. The case was tried before Bunn, J., who made findings of fact and as conclusion of law ordered judgment in favor of plaintiff for $1,900.52. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

[1] Reported in 128 N. W. 1010.

*W. B. Douglas,* for appellant.
*Charles J. Tryon,* for respondent.

BROWN, J.

Plaintiff is a corporation organized and existing under the laws of the state of New York, located at Rochester, that state, and engaged in the manufacture and sale at wholesale of cider vinegar. Defendant is a corporation under the laws of this state, doing business at St. Paul, dealing at wholesale, largely in cider vinegar. On the twenty-first day of August, 1906, the parties entered into a certain agreement, the provisions of which, so far as material to an understanding of the controversy now before the court, are as follows:

"The American Fruit Product Company, of Rochester, N. Y. hereby agree to sell and deliver to Barrett & Barrett, on track at St. Paul, Minnesota, at such times as buyer may require during navigation of Western Transit Company's steamers, and order its shipments prior to October 1st, 1907, four thousand (4,000) whiskey barrels of pure cider vinegar in carload lots of not less than seventy-five barrels each, at thirteen (13) cents per gallon, barrels included. * * * Barrett & Barrett hereby agree to order, receive, and pay for the above-mentioned cider vinegar in accordance with the price and terms stated."

Pursuant to this contract defendant ordered from plaintiff prior to October 1, 1907, a number of the barrels agreed to be sold, and plaintiff shipped the same in accordance with the order. The vinegar so ordered amounted in value, according to the prices set forth in the contract, to the sum of $7,193.54, of which sum defendant has paid $5,293.02, leaving a balance still due to plaintiff of $1,900.52. The present action was brought to recover this balance.

Defendant interposed in defense that there was a mutual mistake of fact in the terms of the contract and of the legal effect of the language thereof, and demanded that it be reformed and made to conform to the intention of the parties. Defendant pleaded in this connection that it was understood and agreed by and between the parties, at the time the contract was signed, that defendant was not

required to order the vinegar prior to October 1, 1907, as the contract reads, but that it might be ordered at any time prior to the close of navigation on the Great Lakes, and that the contract was signed by defendant upon the faith of representations of plaintiff's agent, who negotiated the sale, that such was its proper interpretation. The answer further alleges that on October 1, 1907, defendant ordered the balance of the vinegar, and that plaintiff refused to deliver the same, because not ordered prior to October 1, as required by the terms of the contract. The market price of vinegar had materially advanced in the meantime, and defendant alleges that the refusal of plaintiff to fill the last order resulted in its damage in the amount stated in the answer. The prayer for relief was that the contract be reformed and corrected, and that defendant have and recover of plaintiff the damages sustained by it. The allegations of the answer were put in issue by the reply.

After a trial of the issues before the court without a jury, the court found, in addition to the facts heretofore stated, the following: "On the day plaintiff and defendant executed the contract, * * * but prior to the execution thereof, defendant, upon reading the form of said contract presented to him by plaintiff's agent, objected to the clause therein requiring it to order its shipments prior to October 1, 1907, and refused to sign said contract with said clause therein, whereupon Bernard J. Flynn, the agent of plaintiff to procure contracts for the sale of its products, * * * stated to defendant's president who was then and there acting on behalf of defendant, that notwithstanding said clause plaintiff would ship all vinegar called for by said contract if ordered by [defendant] at any time before or after October 1, 1907, * * * providing [defendant] ordered said shipments prior to the close of navigation in that year. Said Flynn also stated that this was what the contract meant, notwithstanding said clause, but that he had no authority to make the written contract read otherwise than it did. Defendant believed the statements of said Flynn as to what plaintiff would do, as above stated; * * * and in reliance thereon signed said contract. Defendant knew at all times the exact language of said contract be-

fore he signed the same, and knew the meaning and legal effect of said language."

As conclusions of law the court found that defendant was not entitled to a reformation of the contract, and judgment was ordered for plaintiff for the balance claimed to be due as heretofore stated. Defendant thereafter moved for a new trial, and appealed from an order denying it.

It is contended by defendant that there was either a mutual mistake as to the legal effect of the language used in the contract, or that defendant's manager was alone mistaken as to its legal effect, and was induced to sign the same by means of the inequitable conduct of plaintiff's agent. No fraud is claimed. All the assignments of error, save one, are directed to this one question, and do not require separate consideration.

The assignment challenging a ruling excluding certain evidence is not well taken. The evidence there offered, had it been received, would change in no essential respect the question involved, namely, whether defendant has a right, on the facts disclosed by the record, to a reformation of the contract. The language of the contract is plain and unambiguous, and required defendant to order such vinegar as it intended to take thereunder before October 1, 1907. This stipulation was incorporated in the contract with the knowledge of both parties, and there is no basis for the claim that it was inserted therein through mistake, mutual or otherwise. So that there can be no reformation on the theory of mutual mistake of fact.

But it is further contended by defendant that the record shows a mistake on its part respecting the legal effect of the contract as written, and also inequitable conduct on the part of plaintiff, and that for this reason reformation should be decreed. It may be conceded that the mistake of one of the parties to a written contract as to its legal effect, with inequitable conduct on the part of the other contracting party, is sufficient to justify equitable relief. Benson v. Markoe, 37 Minn. 30, 33 N. W. 38, 5 Am. St. 816; 34 Cyc. 920. And the question presented is whether this case comes within the rule.

Counsel for defendant presented this feature of the case with much

ingenuity, but reflection and a careful examination of the record precludes concurrence in his contention. The facts do not bring the case within the rule stated. The contract is clear and specific that orders should be made before the first of October, 1907, and defendant's manager, immediately upon discovering this condition, appreciated its force and effect, and refused to sign the same unless the clause was stricken out. He, however, yielded his assent upon assurances of plaintiff's agent that orders might be sent in after that date, if received during the season of navigation, and the further representation that such was the effect of the contract. In reliance upon these representations, the manager of defendant signed the contract. In connection with the statements made by plaintiff's agent, defendant was also informed that the agent had no authority to write the contract otherwise, or to change the time within which orders should be made. While this fact was disputed upon the trial, the trial court found that defendant was so informed, and our examination of the record discloses sufficient evidence to sustain the finding.

The provisions of the contract having reference to the time of shipment, namely, during the navigation season, do not render the contract uncertain in respect to the date specifically named within which orders for the vinegar should be made. Those provisions have to do only with the time and manner of shipment and transportation, and in no proper sense modify or even cloud the intention of the writing in other respects. The trial court found that defendant's manager "knew at all times the exact language" of the contract before he signed the same, "and knew the meaning and legal effect of said language." We have, then, a case where a written contract, couched in plain and unambiguous language, containing a definite and specific condition, is, without fraud or deception, signed by one of the parties thereto with full knowledge of all the terms of the writing, upon the contemporaneous verbal assurance of the agent of the other contracting party that the contract will not be enforced as written. Under such circumstances it seems quite clear that reformation cannot be had. Smith v. Rust, 112 Ill. App. 84; Brintnall v. Briggs, 87 Iowa, 538, 54 N. W. 531; Sanford v. Gates, 21

Mont. 277, 53 Pac. 749; Wilson v. Deen, 74 N. Y. 531; Olmstead v. Michels (C. C.) 36 Fed. 455, 1 L.R.A. 840.

The statement of plaintiff's agent that the contract would not be enforced with respect to time was not, even though defendant relied thereon, inequitable conduct entitling defendant to relief. Inequitable conduct, as applied to cases of this character, consists in doing acts, or omitting things, or the making of representations, tending naturally to deceive as to the true interpretation of the contract, which the court finds to be unconscionable. 34 Cyc. 920. Such is not the case at bar. No fraud is charged, and defendant cannot be heard to claim that its manager signed the contract under the belief that the provision that orders should be made before October first meant that an order could be made after that date. The whole transaction amounts to nothing more than a verbal agreement on the part of plaintiff's agent to the effect that orders sent in subsequent to that date would be filled by the plaintiff; and defendant executed the contract with full knowledge that the writing did not so provide.

Our conclusion, therefore, is that the findings and rulings of the trial court were in harmony with the rules of law controlling the case, and the order appealed from is affirmed.