ELLA DIEBEL v. ADAM DIEBEL and Others.[1]

December 1, 1911.

Nos. 17,339—(140).

**Relief from mistake of law — party to contract — evidence.**

The plaintiff and her then husband were named as vendees in a contract for the conveyance of land. Thereafter they were divorced, and the plaintiff brought this action for specific performance of the contract. Defense that her name was inserted in the contract as vendee by mutual mistake. *Held:*

1. That it is only in exceptional cases that a court of equity will relieve a party from the consequences of a mere mistake of law. It will not grant such relief where it would be inequitable.

2. The finding of the trial court that the name of the plaintiff was inserted in the contract as one of the vendees with intent to make her one of the purchasers of the land described therein, and not by any mistake, is sustained by the evidence.

Action in the district court for Steele county against Adam Diebel, Andrew Diebel and Emil Mann for specific performance of a certain contract for the sale of land. The substance of the pleadings will be found in the opinion. The case was tried before Buckham, J., who made findings of fact and conclusions of law as stated in the opinion. From orders denying their separate motions for a new trial, Childress, J., defendants Adam Diebel and Andrew Diebel appealed. Affirmed.

*J. A. & A. W. Sawyer,* for appellants.

*John Moonan* and *F. A. Alexander,* for respondent.

START, C. J.

This is an action for specific performance of a written contract for the conveyance of a farm of one hundred thirty-five acres in the

---

[1] Reported in 133 N. W. 463.

[Note] As to relief from mistake of law as to effect of instrument, see extensive note in 28 L.R.A. (N.S.) 785.

county of Steele. The complaint alleged the execution of the contract by the defendant Mann, whereby he sold and agreed to convey the land to the plaintiff and the defendant Adam Diebel upon the payment of the purchase price, and, further, that the plaintiff had tendered to the vendor the purchase price and demanded a conveyance in accordance with the contract. The defendants answered separately.

The answer of the defendant Adam Diebel was to the effect that he alone purchased the land of the defendant Mann, and that by the mutual mistake of all the parties to the contract the name of the plaintiff was inserted therein as one of the vendees; that the vendee, Adam Diebel, assigned the contract and all rights thereunder to his codefendant Andrew Diebel to secure the payment of the sum of $1,200, who thereafter paid to Mann the balance of the purchase price; that he was willing, and by his answer consented, that the deed in fulfilment of the contract be made to Andrew Diebel.

The answer of Andrew Diebel was to the same effect, and prayed judgment for a reformation of the contract, by striking out the plaintiff's name therein as one of the vendees, and that the vendor, Mann, be decreed to execute to him a deed of the land.

The answer of defendant Mann admitted that he had been paid the full amount of the purchase price for the land, and alleged his readiness to execute a warranty deed of the land to both of the vendees, or to either, as the court might direct.

The new matter alleged in the several answers was put in issue by the replies. The issues were tried by the court without a jury. The court found, with others, the facts following:

The plaintiff and defendant Adam Diebel were, on June 18, 1902, and continued to be until August 4, 1911, husband and wife, but on the day last named judgment was duly entered dissolving the marriage between the parties, and awarding the plaintiff therein, as permanent alimony and for her costs and disbursements, in all, the sum of $435.32, and in and by such judgment no disposition was made of the interest held by either of the parties in the land here in controversy.

The defendant Andrew Diebel is the father of the defendant Adam Diebel.

On April 9, 1906, the defendant Mann executed to the defendant Adam Diebel and the plaintiff, who were both named therein as grantees, the contract to enforce the specific performance of which this action was brought. The names of the plaintiff and the defendant Adam Diebel were inserted in such contract executed to them by the defendant Mann with the full knowledge and consent of all the parties thereto, and by their express direction, and with the intent to make the plaintiff one of the joint purchasers of the land described therein, and the same was not so inserted by any mistake of either or any of the parties; but neither the plaintiff nor the defendant Adam Diebel then knew the extent of the interest that the plaintiff would acquire under such contract so executed. Thereupon the plaintiff and the defendant Adam Diebel entered into possession of the premises, and occupied the same as a farm, and the same continued to be their homestead until the divorce hereinbefore mentioned. On December 29, 1909, and while the plaintiff and her then husband, Adam Diebel, were occupying the land as their homestead, he assigned the contract here in question to the defendant Andrew Diebel to secure the payment of $1,200. The plaintiff did not join in the execution of such assignment, nor consent thereto.

The defendant Andrew Diebel paid to the defendant Mann the amount due on the contract. The plaintiff also tendered to Mann the amount due on the contract.

The court found, as conclusions of law, that the assignment, made to Andrew Diebel while the premises were the homestead of the plaintiff and her husband, was, as to her, void; that the plaintiff and the defendant Adam Diebel were joint purchasers of the premises, and were entitled to a joint conveyance of the same, vesting in each a half interest therein, upon payment by each of one-half of the amount due on such contract; that the defendant Mann holds the title to the premises in trust for the plaintiff and the defendant Adam Diebel, and that they are entitled to a conveyance thereof from him upon the payment by the plaintiff to the defendant An-

drew Diebel, or into court for him, of one-half of the purchase price so paid by him. Judgment was directed accordingly.

The defendants Adam Diebel and Andrew Diebel severally appealed from an order denying the motion of each for a new trial. The defendant Mann did not appeal.

The primary and controlling question raised by the assignments of error of the respective appellants is whether the finding of the trial court, to the effect that the name of the plaintiff was inserted in the contract here in question with the full knowledge and consent of all of the parties thereto, with the intent to make the plaintiff one of the joint purchasers of the land, and was not inserted therein by any misunderstanding or mistake of any of the parties thereto, is sustained by the evidence. Counsel for the appellants urge that the finding is not supported by any evidence.

It is not seriously claimed that there was any mistake of fact in the execution of the contract, for the record is quite conclusive that the plaintiff's name was intentionally inserted in the contract as one of the vendees, and that the contract was in form and substance precisely what the parties intended it to be. It is, however, claimed that the plaintiff's name was inserted in the contract by the mutual mistake of all the parties thereto, that its only effect would be to give her a wife's interest in the lands therein described; or, in other words, that her name was inserted in the contract by a mutual mistake of law.

If it were conceded that such alleged mutual mistake of law was made, it would not follow that the court ought to have reformed the contract by striking therefrom the plaintiff's name as grantee therein. The rule in such cases is well settled by this court to the effect following: While for a bare mistake of law relief will rarely, if ever, be afforded, yet equity will interfere where it appears that the defendant, availing himself of the mistake, will take an unconscionable advantage of the plaintiff without consideration; the plaintiff being blameless, and the defendant being in no position entitling himself to equitable protection. Benson v. Markoe, 37 Minn. 30,

33 N. W. 38, 5 Am. St. 816; Forest Lake State Bank v. Ekstrand, 112 Minn. 412, 128 N. W. 455.

It is only in exceptional cases that a court of equity will relieve a party from the consequences of a mistake of law. It will not grant such relief where it would be inequitable to do so. Errett v. Wheeler, 109 Minn. 157, 123 N. W. 414, 26 L.R.A. (N.S.) 816; American Fruit Product Co. v. Barrett, 113 Minn. 22, 128 N. W. 1009.

The record tends to show that it would be inequitable, as between the plaintiff and the defendant Adam Diebel, to relieve him from the alleged mistake as to the legal effect of the contract. There was evidence tending to show that, shortly after the plaintiff and Adam Diebel were married, his father, Andrew Diebel, executed to him and the plaintiff a written contract, wherein both were named as vendees, whereby he agreed to convey to them, upon the payment of $3,500, a certain eighty acres of land; that she read the contract, and believed that she had an interest in the land; that thereupon they entered into possession of the land, and it became their homestead; that together they worked upon the land, she working both in the house and in the field, and from the proceeds of the land and their labor payments were made on the land; and that they sold their interest in the land, their homestead, and realized therefor, in excess of the balance of the unpaid purchase price, the sum of $2,000, which was part of the purchase price of the land purchased of Mann, for which they received the contract in question. In view of these facts, it cannot equitably be claimed that she contributed no part of the consideration for the contract in controversy.

The record further tends to show that the plaintiff in her original complaint in the divorce action alleged that she had no property in her own name; but the complaint was amended, whereby she alleged in effect that the defendant and the plaintiff were owners of the contract for the deed here in question; that the trial court found as a fact that the parties were joint owners of such contract for the land, which was of the value of $7,000, and on which there was due $4,200 and interest; that plaintiff paid nothing for her interest therein; and, further, that such interest of the plaintiff in the contract was a controlling consideration with the court in fixing

the plaintiff's permanent alimony at only $300, exclusive of the costs.

If it be conceded that the findings of the court in the divorce action cannot operate as an estoppel by verdict as to either party in this action, yet they are entitled to great weight in the determination of the question whether it would be inequitable to relieve Adam Diebel and those claiming under him from the alleged mistake as to the legal effect of the contract. The equities of those claiming under him are no greater than his own, for there can be no question of bona fide purchasers, as the contract showed upon its face that the plaintiff was one of the joint owners.

Upon a consideration of the record, we are of the opinion that the defendants were not entitled to any relief as to the contract, even if they were mistaken as to its legal effect, for the reason that to grant such relief would be clearly inequitable.

We are also of the opinion, and so hold, that the finding of fact of the trial court complained of is sustained by the evidence. It may be conceded that the evidence was sufficient, if satisfactory to the trial court, to justify a finding to the effect that Adam Diebel was mistaken as to the legal effect of the contract; but it is not conclusive. The extraordinary character of the claim made by him, the time when and the circumstances under which it was first asserted, the actual knowledge he had of the plaintiff's claim at the time of the divorce action, and that it was made the basis of adjusting her alimony, and his subsequent conduct with reference to the contract and the plaintiff, are matters that might well affect the credibility of his testimony.

The findings of fact being sustained by the evidence, the plaintiff was entitled to specific performance of the contract upon the conditions made by the court.

All other assignments of error have been considered, and we find no reversible error in any of the rulings or conclusions of law of the trial court.

Orders affirmed.