## J. J. O'DONNELL v. T. F. MALONEY AND OTHERS.[1]

May 1, 1925.

No. 24,523.

**Assumption of mortgage by grantee in deed.**

Record examined and *held* sufficient to justify the findings of the trial court to the effect that a grantee in a deed containing clause assuming and agreeing to pay an existing mortgage, did in fact assume and agree to pay such mortgage as a part of the consideration of an exchange of properties.

1. See Mortgages, 27 Cyc. p. 1349 (1926 Anno).

Action in the district court for Traverse county to foreclose a real estate mortgage and for any deficiency judgment. The case was tried before Flaherty, J., and a jury which returned a verdict for plaintiff. Defendant Bourke Mercantile Company appealed from an order denying its motion for a new trial. Affirmed.

*T. J. Mangan*, for appellant.

*Murphy & Johanson*, for respondent.

WILSON, C. J.

This is an action to foreclose a real estate mortgage and for a deficiency judgment. The action seeks judgment against several persons including the appellant corporation. The action against appellant is based upon a deed to it and contains an "assuming and agreeing to pay" clause. The court found for the plaintiff and de-

[1] Reported in 203 N. W. 594.

fendant has appealed from an order denying its alternative motion for judgment or for a new trial.

March 1, 1920, the owners of 320 acres of land in Traverse county gave plaintiff their promissory note for $5,000 due in two years and secured the same by a second mortgage upon the land. On March 26, 1921, they conveyed the land to Frank Link who by a clause in his deed assumed and agreed to pay this mortgage as well as the prior mortgage upon which was an unpaid balance of $16,200. On March 8, 1922, Link and his wife deeded the land to appellant by a deed containing a clause assuming and agreeing to pay the two mortgages. Appellant claims that it did not accept the deed, and that the clause was inserted without the knowledge or consent of the grantee who never ratified or acquiesced therein.

The answer of appellant says that it, in February, 1922, "entered into an exchange contract partially in writing and partially by parol," whereby it agreed to exchange properties with Link. The evidence showed that a written agreement had been made, covering the major portion of the arrangement in which it was said that the farm was to be conveyed subject to the mortgages. It also called for Link to give back a mortgage for about $16,000. But when the transaction was closed it was not done in accordance with the written contract. On the contrary, appellant did not convey its real estate to Link and take a mortgage back for the $16,000 but gave him a contract for deed in which Link obligated himself to pay appellant the $16,000. One Johnson was the agent of appellant in making the deal and he wrote the deed in question at the dictation of the agent of Link. These two agents knew the entire transaction and they prepared the deed with the clause in controversy, but testified that appellant's officers had not made any statement to them about it. Mr. Link paid $1,000 in cash and then obligated himself to pay the $16,000 on the contract for deed and gave a chattel mortgage for $3,000. These facts doubtless were persuasive to the trier of fact that appellant agreed to pay the mortgage indebtedness on the land, thereby justifying the insertion of the assumption clause. The appellant received the deed in July, 1922, and objected to the clause in controversy. Several talks were had

in which it sought a new deed without this clause. It never recorded the deed. Link would not change it. Appellant took possession of the land and retained it under a tenant and received two crops before the trial of this case and appellant still held the deed. After the execution and delivery of such deed appellant paid the interest upon the mortgage in question and also upon the prior mortgage.

Appellant invoked the doctrine of Rogers v. Castle, 51 Minn. 428, 53 N. W. 65; Gold v. Ogden, 61 Minn. 88, 63 N. W. 266; note to Lloyd v. Lowe, L. R. A. 1918A, 1003, 1004. But the transaction with the direct testimony, circumstantial evidence, surrounding circumstances, the delivery of the deed and its retention and the holding of the land thereunder, and acceptance and keeping of the rents, the fact that the primary contract was not complete and was in a substantial part disregarded, and the important fact that Link had obligated himself to pay the indebtedness against the property which appellant was turning into the deal and the entire record all presented a question of fact and would have supported a finding either way. The court found against the appellant. The court found that, when the deed was executed to appellant, it had actual knowledge of the fact that it assumed the payment of the mortgage. Under our well recognized rules we have no alternative but to affirm the result.

It is so ordered.